(November 28, 1893.)

## CITY OF LEWISTON v. BOOTH.

[34 Pac. 809.]

HIGHWAYS—OBSTRUCTION OF—NO RIGHT TO DESTROY THOROUGHFARE.— When a private person or corporation constructs a ditch or canal across a public highway, this gives them no right to destroy it as a thoroughfare; but they are bound both by the common law and the statute to restore or unite the highway at their own expense, by some reasonably safe and convenient means of passage, and keep the same in good repair. This obligation is the same whether the canal or ditch cuts the highway or street within or without the limits of a city or village.

SAME—DITCH CUT ACROSS HIGHWAY—NUISANCE.—A private party or corporation constructing a ditch or canal across a public highway or street in such way as to render the highway or street of a town or city unsafe or inconvenient for public travel, and maintaining such a ditch without a bridge or other safe and convenient way of crossing, would be guilty of maintaining a nuisance. (Idaho Rev. Stats., sec. 3620.)

SECTION 3630 OF THE REVISED STATUTES CONSTRUED.—No lapse of time can give a prescriptive right to maintain a nuisance. (Sec. 3630.)

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Eugene O'Neill, for Appellant.

This is an action by the city of Lewiston against the defendants, E. A. H. Booth and B. Booth. Said city is a municipal corporation, having the powers given it by its charter. The defendants are the owners and operate a water ditch that flows through the present limits of said city. Plaintiff's contention is, that it has constructed a bridge across said ditch, at a point within the limits of said city, and that the defendants, as owners of the ditch, are liable for, and must pay for, building the bridge. Plaintiff had no warrant or authority under its charter, first, for charging the defendants for the construction of the bridge; and, second, for bringing any suit or action against the defendants. Plaintiff has and can exercise only such rights and authority as is conferred by its charter. (Cooley's Constitutional Limitations, *191, *192; *Douglas v. Mayor and Common Council of the City of Placerville,* 18 Cal. 648; *City of Oakland v. Carpenter,* 13 Cal. 546; *Wallace v. San Jose,* 29 Cal. 187, 188; *Ex parte Frank,* 52 Cal. 608, 28 Am. Rep. 642; *Herzo v. San Francisco,* 33 Cal. 143.) Acts authorized by section 7 of the charter are to be paid by taxes, regularly levied and regularly collected. (Charter, c. 10, sec. 7; 11th Sess. Laws, 386, 400 et seq.) And the provisions as to sidewalks, sections 7 and 8, requires published ordinances and sixty days thereafter before city has authority to do the work and secure a charge on adjoining land to be collected as other taxes are collected; not by suit. (Charter, secs. 7, 8; 11th Sess. Law, p. 386.) All acts beyond the scope of powers granted are void. (1 Dillon on Municipal Corporations, sec. 89; *McCann v. Otoe Co.,* 9 Neb. 324, 2 N. W. 709, 710; *Reis v. Graff,* 51 Cal. 90; *Donnelly v. Tillman,* 47 Cal. 40; *City of Napa v. Easterly,* 61 Cal. 509.) Indictment or *mandamus* are the only proceedings that can be taken to enforce the construction in a highway of a bridge by a private individual. (Elliott on Roads and Streets, p. 30, 32, 33; 2 Dillon on Municipal Corporations, 4th ed., sec. 836; 2 Beach on Public Corporations, secs. 1560, 1577; *State v. Minneapolis etc. Ry. Co.,* 39 Minn. 219, 39 N. W. 153; *State v. St. Paul etc. Ry. Co.,* 35 Minn 131, 59 Am. Rep. 313, 28 N. W. 3; *State v. Chicago etc. Ry. Co.,* 79 Wis. 259, 48 N. W. 243; *Easton etc. Ry. Co. v. Easton,* 133 Pa. St. 505, 19 Am. St. Rep. 658, 19 Atl. 486; *Pauer v Albrecht,* 72 Wis. 416, 39

N. W. 771; *Newcastle v. Raney,* 130 Pa. St. 546, 18 Atl. 1066;
*City of Oshkosh v. Milwaukee etc. Ry. Co.,* 74 Wis. 534, 17
Am. St. Rep. 175, 43 N. W. 489.)

James E. Babb, for Respondent.

The common-law rule is that where a person or corporation
is given the right to build a railroad or make a canal across
a public highway, this gives them no right to destroy it as a
thoroughfare, but they are bound to restore or unite the high-
way at their own expense. (*State v. St. Paul etc. Ry. Co.,* 35
Minn. 131, 59 Am. Rep. 313, 28 N. W. 4; *Rex v. Inhabitants
of Lindsay,* 14 East, 317; *Rex v. Kerrison,* 3 Maule & S. 526;
*Leopard v. Chesapeake etc. Canal Co.,* 1 Gill, 222; *Northern
Cent. R. R. v. Mayor,* 46 Md. 425; *Eyler v. Commissioners of
Albany Co.,* 49 Md. 257, 33 Am. Rep. 249; *In re Trenton Water
Power Co.,* 20 N. J. L. 659; *People v Chicago etc. Ry. Co.,* 67
Ill. 118; *Queen v. Inhabitants of Ely,* 15 Ad. & E., N. S., 828;
*Paducah etc. R. Co. v. Commonwealth,* 80 Ky. 147.)   The
money sued for in this case is not a tax, for the recovery of
which plaintiff is limited to statutory methods for collection
of taxes.   If a city sues for an injury to its property, for
breach of contract, or to recover of one who is liable to it for
damages, for which the city has been required to respond, it
need not follow the procedure for raising a tax.   Accordingly,
it has been held that a claim of a municipal corporation
against a citizen thereof for work done by the corporation, for
which the citizen is liable, is not a tax.   (*Plaquemines Police
Jury v. Mitchell,* 31 La. Ann. 44.)   No length of time will le-
galize a nuisance, for the very reason that while it continues
a mere trifle, no one thinks of taking measures to have it re-
moved, and thus the public would be sure to suffer.   (*Weld v.
Hornby,* 7 East, 199, 200; *Folkes v. Chad,* 3 Doug. 340, 343.)
Section 3630 of the Revised Statutes of Idaho provides: "No
lapse of time can legalize a public nuisance, amounting to an
actual obstruction of public right."

This suit is brought by the plaintiff against the defendants
to recover the sum of eighty-nine dollars and thirty cents, al-
leged to have been expended by the plaintiff in building a
bridge across E street, in said city, near the eastern boundary

of the same, and at or near the residence of one S. C. Thompson, and on and over a water ditch belonging to and in the possession of the defendants. The facts, as found by the court, are as follows: That the city of Lewiston, in Nez Perces county, in the state of Idaho, is a municipal corporation. That in the year 1874 the plaintiff granted a franchise to the Lewiston Water Ditch and Milling Company to construct a water ditch across the streets of said city, by an ordinance duly passed by the city council, which said ordinance required said water ditch and milling company, as a condition of said permission, to construct good and sufficient crossings where said ditch crosses any of the streets or lanes of said city, and to keep the same in repair. That said water ditch was thereupon constructed by said company by virtue of said permission. That afterward the said ditch was sold and transferred by the then owners to the defendants herein, who are now, at the date of this action, the owners and in possession thereof. That at the time of the construction of said ditch the point of its crossing E street, where the bridge which is the subject of this action is, was not within the then limits of the city; but that said E street, where said bridge was erected, was then, and for a long time prior thereto, a county road, and in the control and under the direction of the supervisor of highways. That at the time said ditch was constructed a good and sufficient bridge was, by the predecessors in interest of these defendants, constructed across said street or road and along said ditch, and said bridge had been repaired from time to time by the owners of said water ditch in the succeeding years. That in the year 1881 the limits of the city were, by an act of the legislature of the state of Idaho, extended so as to bring the point of the crossing of the ditch on E street within the city limits. That on or about January 5, 1891, the bridge at said crossing was out of repair, and unsafe for travel. That the city council of said city ordered that a bridge should be built at said point over said ditch the full width of the street. That by direction of said city council the defendants were notified, both in writing and verbally, by the street commissioner of the said city, to rebuild said bridge, as above specified, the full width of the street. That said defendants, after having had a sufficient time, neg-

lected and refused to build the said bridge, whereupon the bridge was constructed by the city of Lewiston, under direction of said commissioner, at a cost of eighty-nine dollars and thirty cents. It appears also that the main travel into the city from the easterly part of the town and from the country adjoining is over this bridge. That the old bridge was but twenty feet wide, and that forty feet of the road was open ditch, and for this reason it was inconvenient for teams to pass this point. That the defendants were notified of the amount expended in rebuilding said bridge, and were requested to repay the same, which they neglected and refused to do. Upon this claim suit was brought in the probate court of Nez Perces county, and transferred to the district court of said county, whereupon a trial was had in said district court before the judge thereof, a jury having been waived, which resulted in a judgment in favor of the plaintiff and against the defendants, E. A. H. Booth and B. Booth, for eighty-nine dollars and thirty cents, and costs incurred in the action, amounting to twenty-six dollars and forty-five cents. Judgment placed on file July 16, 1892. From this judgment an appeal was taken on the twenty-second day of July, 1892. That thereafter, on the fifteenth day of March, 1893, a statement on motion for new trial was settled and approved by the district judge, and thereupon a motion for new trial was interposed by the defendants, which motion was denied by the court, and from this order overruling the motion for new trial an appeal was taken on the third day of March, 1893.

MORGAN, J. (After Stating the Facts.)—At the time this ditch was constructed, E street, at the point of this crossing, was a county road. No one of the inhabitants could lawfully obstruct it, or render it dangerous to travel. The common law is, and was at that time, that where a person or corporation builds a ditch or canal across a public highway, this gives them no right to destroy it as a thoroughfare, but they are bound to restore or unite the highway at their own expense by some reasonably safe and convenient means of passage. This duty is founded on the principle that it was the act done in pursuit of their own advantage that rendered this necessary, and there-

fore they, and not the public, should be burdened with its expense. (See *State v. St. Paul etc. Ry. Co.,* 35 Minn. 131, 59 Am. Rep. 313, 28 N. W. 4, and cases there cited.) In *Dygert v. Schenck,* 23 Wend. 446, 35 Am. Dec. 575, and note, the defendant, being the owner of the ranch through which the highway passed, cut a millrace across the road for his own use, and built a bridge across the same. In 1837, the bridge being out of repair, the plaintiff's mare was injured, and he brought suit against the owner of the ditch for damages. The court says: "The public could require that he should make and keep the road as good as it was before he dug the ditch. This he accomplished by building a bridge, which finally got out of order. In suffering this the defendant came short of his obligations, and he was held liable for the injury done the mare of the plaintiff." In *Heacock v. Sherman,* 14 Wend. 58, the court declared, after looking into the facts, that the duty of repair rests upon the company, and that they could not escape damages for any mischief occasioned by it. The very necessity of the erection of the bridge arose out of a nuisance which was the work of the defendant himself. The whole object of the bridge was to protect himself, the land, the mill, the water, the profits; and therefore the bridge was for him. The public could derive nothing but mischief. In *Eyler v. Commissioners,* 49 Md. 257, 33 Am. Rep. 251, the appellant brought an action against the county commissioner of Allegheny county to recover damages sustained by reason of the defective condition of the bridge across the Chesapeake and Ohio Canal, over which he was riding. The court says: "It is clear the canal company were authorized to cross and sever all existing highways throughout the route prescribed by its charter, but in thus cutting its canal across highways the company was bound to unite for the public accommodation any highways so divided by a reasonably convenient thoroughfare over or under its canal." The statute also requires the defendants and their grantors to construct and keep in repair suitable bridges, causeways and embankments, so that no water shall flow on such road or roads to injure the same. See section 1 of "An act to protect public roads and highways from injury," approved January 10, 1866. (3d Sess. Laws, 178.) This law was enforced until 1875, and

does not seem to have been then repealed, but, in addition thereto, section 13 of the act of January 12, 1875 (8th Sess. Laws, 681), was enacted, which added to the provisions of this act others, set forth therein, providing that if any person, mining, ditch or milling company shall dam the waters of any stream of this territory so that the water shall overflow any wagon or other road situated on the margin or banks of said stream, or so as to cause the road to become undermined or damaged, said person, company or corporation shall rebuild the same, or pay the costs of having the same done. Both of the sections were continued in force until February 5, 1885, when sections 40-42 of "An act to amend an act regulating roads, highways and bridges" were enacted. (See 14th Sess. Laws, 143.) These provisions were re-enacted in sections 968 and 969 of the Revised Statutes of 1887. This statute required all persons or corporations desiring to run water over any public road to construct ditches, and build good, substantial bridges over the same, and keep them in order. If this duty was neglected, the overseer of highways was required to construct the same, and keep them in order, at the expense of the owners of the ditch. This obligation rested on the owner or owners of ditches crossing highways, whether in or out of a city or town. Section 43 of the act of February 5, 1885 (13th Sess. Laws, 173), organizes each incorporated city in this territory into a separate road district, and authorizes the city council to elect a road supervisor, who shall have all the power and perform all the duties of road supervisors appointed by the county commissioners. These provisions were carried into the Revised Statutes of 1887, in section 887, which gives the council in cities the same power as county commissioners, and they may cause bridges, causeways, etc., to be erected on streets whenever necessary, and keep the same in good repair. (See, also, Idaho Rev. Stats., sec. 7139.) It will be seen, therefore, that both the common law and the statutes in force at the time of the construction of this bridge, and for a long time prior thereto, compelled the defendants to reconstruct and repair said bridge whenever the same became unsafe or inconvenient for public travel. The amendment to the charter of the city of Lewiston in 1881 extended the city limits so as to cover and include the

point on E street where this ditch crosses the same. This did not change or weaken the obligation of the defendants to keep said ditch securely bridged, but transferred the power to compel the same from the county commissioners of the county to the city council of the city. The obligation resting upon defendants to rebuild said bridge whenever necessary authorizes the city, in case they neglect or refuse to do the same, to build it at the expense of the defendants.

The question as to whether the city or the defendants would be liable for any injury occurring to the person or property of an individual which might happen by reason of the unsafe condition of the bridge has nothing whatever to do with the question at issue in this suit. The building of the bridge by the city creates an implied contract on the part of the defendants to pay the costs and expenses of the same by operation of law.

The plaintiff claims that the court erred in not finding that the defendants had obtained a prescriptive right to maintain their ditch across the street without a bridge. A private party or corporation constructing a ditch across a public highway or street of a town or city in such way as to render the highway or street unsafe or inconvenient for public travel, and maintaining such a ditch without a bridge or other safe and convenient way of crossing would be guilty of maintaining a nuisance. (Idaho Rev. Stats., sec. 3620.) No lapse of time can give a prescriptive right to maintain a nuisance. (Idaho Rev. Stats., sec. 3630.)

The counterclaim for damages is a cause of action which arises, if at all, from an act which would be a trespass to property; and a cause of action for trespass to property cannot be a subject for counterclaim against an action arising upon a contract, express or implied. The judgment of the court below is affirmed, with costs to the respondent.

Huston, C. J., and Sullivan, J., concur.