(December 27, 1899.)

## BOISE CITY v. BOISE RAPID TRANSIT COMPANY.
[59 Pac. 716.]

CHARTER OF BOISE CITY—POWER TO DECLARE WHAT IS, AND TO ABATE NUISANCE.—By the charter of Boise City the mayor and common council are empowered to declare what is a nuisance, and are empowered to abate a nuisance.

DITCH—EXTENSION OF STREETS OVER.—When a ditch is constructed over public land and thereafter such land is entered by the probate judge as a townsite, and streets are laid out across such ditch, and in the course of time it becomes necessary to bridge such ditch for the reasonable use of the street by the public, it is the duty of the owners to construct such bridge at their own expense.

OBSTRUCTION OF STREET—OWNER OF PROPERTY.—The ownership of property is held subject to the restriction that it must be so used as not to injure others, or obstruct the free use of a street.

DUTY OF OWNER TO BRIDGE DITCH—PUBLIC NUISANCE.—The city having extended its limits and platted its streets across said ditch, the owner thereof must bridge the same, at his own expense, whenever such ditch obstructs the free passage or use of such streets. If it fails to do so, the ditch becomes a public nuisance, and may be bridged by the city, at the expense of the owner.

(Syllabus by the court.)

APPEAL from District Court of Ada County.

C. C. Cavanah, for Appellant.

This action was brought in compliance with sections 935, 968, and 969 of the Revised Statutes of Idaho, which said section 968 was, on the fifteenth day of March, 1899, amended by our legislature. (Idaho Rev. Stats., secs. 968, 969; Sess. Laws 1899, p. 405.) The above statutes require all persons who run water across any public road, street, or highway in this state, to construct a ditch of sufficient size to carry all such

water, and must build and keep in repair, at the expense of such person, a good, substantial bridge over such ditch. An interpretation was placed upon said sections 968 and 969 by this court. (*City of Lewiston v. Booth,* 2 Idaho, 692, 34 Pac. 809; *Town of Clay v. Hart,* 25 Misc. Rep. 110, 55 N. Y. Supp. 43; *Stufflebeam v. Montgomery,* 3 Idaho, 20, 26 Pac. 125.) The universal rule, as we understand it, is that anything which menaces, endangers or puts in jeopardy citizens passing along the public highway is a public nuisance. (Idaho Rev. Stats., sec. 3620, 4529; Angel on Highways, 227; *Parker v. Macon,* 39 Ga. 725, 729, 99 Am. Dec. 486; *State v. St. Louis Board of Health,* 16 Mo. App. 8; *Bond v. Smith,* 44 Hun, 219, 222; Wood on Nuisances, 1; 2 McClain on Criminal Law, 1169; *State v. Louisville etc. Co.,* 86 Ind. 114; *Waterford Township Co. v. People,* 9 Barb. 161.) It is a nuisance at common law for a person to maintain an obstruction in a public highway. (Charter of Boise City, sec. 5, subds. 8, 14.) Every state, city or town has jurisdiction over, and authority to compel persons to remove and abate nuisances maintained or placed upon the streets or elsewhere, as such authority comes within the exercise of police powers, which are necessary to the safety of the public. (*Theilan v. Porter,* 14 Lea, 622, 52 Am. Rep. 173; *Kansas City v. McAleer,* 31 Mo. App. 333, 336; *Manhattan Mfg. etc. Co. v. Van Kensen,* 23 N. J. L. 251; *Kennedy v. Phelps,* 10 La. Ann. 227; *Mayor and Council of Monroe v. Gerspach,* 33 La. Ann. 1011, 2 Dillon on Municipal Corporations, 782; *Springfield v. Connecticut River etc. Co.,* 4 Cush. 63; *Easton etc. Co. v. Greenwick Twp.,* 25 N. J. Eq. 563; *Stearns Co. v. St. Cloud etc. Co.,* 36 Minn. 425, 32 N. W. 91; *State v. Atkinson,* 24 Vt. 448.) The defendant can acquire no right by prescription to continue a public nuisance. (*Drew v. Hicks* (Cal.), 35 Pac. 563; *People v. Gold Run etc. Co.,* 66 Cal. 152, 56 Am. Rep. 80, and note, 4 Pac. 1152; *Bowen v. Wendt,* 103 Cal. 236, 37 Pac. 149; *Wright v. Moore,* 38 Ala. 593, 82 Am. Dec. 731; *Mills v. Hall,* 9 Wend. 513; *Pettis v. Johnson,* 56 Ind. 139; *Boston Rolling Mills v. Cambridge,* 117 Mass. 396; *State v. Franklin Falls Co.,* 49 N. H. 240, 6 Am. Rep. 513.)

George Ainslie, John J. Blake and W. E. Borah, for Respondent.

At the time when respondent's ditch was constructed, the land over which it ran was part of the public domain, and Congress, by its acts, recognized, acknowledged, and confirmed the rights of owners of canals and ditches constructed on the public lands. (Act of Congress, July 26, 1866, 14 Stat. at L. 261.) As to the canal of defendant: So far as it ran through the land of the United States it was an unequivocal grant of the right of way, if it was no more. As the plaintiff's right commenced subsequent to this statute, it took the title subject to this right of way, and cannot now disturb it. (*Broder v. Natoma Water & Mining Co.,* 101 U. S. 274, citing *Atchinson v. Peterson,* 20 Wall. 507; *Basey v. Gallagher,* 20 Wall. 670; *Forbes v. Gracey,* 94 U. S. 630.) "When a city has acquired the fee and control of its streets, in trust for the public, subject to the previous grant and dedication of a right of way for an irrigating and milling ditch, it must repair and render them passable, as the public necessity and convenience require, without interfering with the rightful and accustomed use of the ditch." (*City of Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693.) If a highway be located over watercourses, either natural or artificial, the public cannot shut up these courses, but may make the road over them by the aid of bridges. (*Perley v. Chandler,* 6 Mass. 453-457, 4 Am. Dec. 159. To the same effect: *Lowell v. Proprietors of Locks and Canals,* 104 Mass. 18-28.) A canal company is not bound by the principles of the common law, independent of its charter, to erect or maintain a bridge over the canal where a highway is laid out over the same after its construction. (*Morris Canal Co. v. State,* 24 N. J. L. 62; *Town of Providence v. Dyerville Mfg. Co.,* 13 R. I. 45; Angell on Highways, sec. 57.)

SULLIVAN, J.—This action was brought to recover $194.80 alleged to be due the appellant, Boise City, for money expended in the construction of a certain bridge across the respondent's water ditch, where said ditch crosses Fifth street of said city. The respondent answered, and the cause was heard upon an

agreed stipulation of facts.    Judgment was entered in favor of
the respondent.    A motion for a new trial was interposed by
the appellant and overruled by the court.    This appeal is from
the judgment and the order denying the motion for a new trial.

Several errors are assigned, all to the effect that the finding
of facts is not supported by the evidence.    It is admitted in the
agreed stipulation of facts: That the respondent, the Boise
Rapid Transit Company, is a corporation duly organized and
acting under the laws of the state of Idaho, and has been such
since the thirteenth day of August, 1890, and since that date
has been the owner of, and has operated and controlled, the
water ditch referred to in the complaint.    That the water run-
ning through said ditch is owned and used by the respondent
for the purpose of carrying on and operating its street railway
in said Boise City.    That during the year 1863, the said water
ditch was constructed by respondent's predecessors in interest,
and has during all of the time since its construction been run-
ning in its present course.    That a patent from the United
States to the lands over which said ditch extends was
issued to the mayor of Boise City, May 2, 1870.    That on the
eleventh day of January, 1866, the appellant was duly incor-
porated as a municipal corporation under the name of "Boise
City," and at that time said Fifth street was laid out as a street
and public highway, and has ever since been used as a street
and public highway of said city, and was within the corporate
limits thereof, but that said street was not extended farther
south than across Front street of said city, until the Davis
addition became a part of said city, in the year 1892.    That
said ditch and said Fifth street, and the other streets referred
to in said complaint, to wit, Seventh, Front, and Eighth streets,
intersect and cross each other.    That on the twentieth day of
July, 1899, a certain bridge across said ditch, located where
said ditch and Fifth street intersect each other, became and
was out of repair and dangerous, and wholly unsafe and insuffi-
cient for public travel.    That on the twenty-fifth day of July,
1899, the street commissioner served legal notice upon the
respondent of the dangerous and unsafe condition of said

bridge, and notified respondent to repair the same. That respondent failed, neglected and refused to do so. Thereafter, on August 3, 1899, said city constructed a bridge across said ditch at said place at its own expense, of $194.80. That said respondent has been requested to pay said sum, but has failed and refused to do so. That since said notice was served on respondent, it has repaired a bridge over said ditch where said ditch runs across said Eighth street. The notice above referred to also notified respondent of the unsafe and dangerous condition of the last-mentioned bridge, and notified respondent to repair the same. That in the year 1894, appellant notified respondent to construct a bridge across said ditch where it crosses said Fifth street, but that respondent failed and refused to do so, and thereafter appellant constructed said bridge at his own expense, and that no proceedings have been had to recover from respondent the sum so expended. That respondent has not built or repaired or maintained said bridge in any way or manner. That on the twelfth day of September, 1890, the respondent received a deed of conveyance whereby said ditch was conveyed to it. Under the foregoing facts, counsel for respondent contend that, as its predecessors constructed said ditch long prior to the time that said Fifth street was platted or dedicated to the public as a street or highway, it is the duty of the city to bridge said ditch at its own expense, if the public safety and convenience require that to be done, and that said street was dedicated to the use of the public, subject to the pre-existing rights of respondent and its predecessors, and for that reason the city must bridge said ditch, if the public necessities require it.

The only question in the case is, Upon whom devolves the duty of constructing the bridge over respondent's ditch across Fifth street? The record shows that said ditch must be bridged at said crossing, as said ditch is shown to be an obstruction to the free and customary use of said street by the public. Said obstruction is a public nuisance. Said ditch at said point may not have been a public nuisance at the time of its construction, but conditions have changed since then. What was noth-

ing but wild land, covered with sagebrush, at the date of the construction of said ditch, has become a thickly settled part of said Boise City; and said Fifth street, where said ditch crosses it, is very much used by the public. Said ditch, unbridged, would be a great obstruction to the free use of said street, and was a public nuisance.

Subdivision 8 of section 3 of the charter of Boise City, as amended by the laws of 1899 (page 311), provides, among other things, that the mayor and common council shall have full power and authority within Boise City to prevent and abate nuisances, and generally to determine and declare what shall be deemed nuisances, and to provide for the removal and abatement thereof. The record shows that said bridge across said street was in a dangerous and unsafe condition; that said ditch was maintained by respondent in that condition; that the proper authority of said city notified respondent of that fact, and to repair said bridge, which it refused to do. The maintenance of said bridge in its then unsafe condition obstructed the free use of said street by the public, and was clearly a public nuisance, as defined by sections 3620, 3621 of the Revised Statutes. While it appears from the record that said ditch was constructed in its present location prior to the time said Fifth street was laid out across it and dedicated to public use, it is also true that one James H. Slater and his associates, who were owners of said ditch in 1866, made application to the territorial legislature of Idaho, to grant them a right of way for said ditch through Boise City, which application was granted by an act entitled "An act to grant James H. Slater and his associates right of way for a water canal or ditch in Ada county," approved January 11 A. D. 1866. (See Laws 3d Sess., p. 239.) The first section of said act grants said Slater and his associates a right of way for a canal or ditch, of a capacity not to exceed three thousand inches, for a distance of three miles from a point then marked as the head of said ditch, on the ranch of Mooney & Co.; thence through Front street, in Boise City; and thence down the valley of Boise river. The second section provides that the owners of such ditch may sell the water conducted by said ditch for

milling, irrigating or other useful purposes. The third section provides that said grant shall continue ten years from and after the approval of said act. The fourth section provides, in case any parties owning grounds over which the said ditch may run sustain damage thereby, the manner and method of assessing such damages. This act, taken as a whole, indicates that said ditch was not constructed, or at least completed, when said act was passed. But it is a stipulated fact, that said ditch was constructed in 1863, and this suit must be decided on the facis as stipulated. Some stress is laid on the fact that the third section of said act provides that the grant of said right of way should continue for ten years. That fact, however, cuts no figure in the determination of this case. Conceding that the respondent and its predecessors in interest had a perpetual right of way, acquired prior to the incorporation of said city, and prior to the extension of said Fifth street over and across said ditch and right of way, said right of way and ditch were acquired, constructed, procured, purchased, and held subject to the restriction that said ditch must be so used as not to injure the public. Every right, from absolute ownership of property to a mere license or easement, is held subject to the rule that it shall be so used and exercised as not to injure others. And the rule is well settled that, when a city extends its limits, offensive trades and businesses must be removed beyond the immediate neighborhood of residences of citizens. (*City of Kansas v. McAleer,* 31 Mo. App. 433; *Wier's Appeal,* 74 Pa. St. 230; *Coates v. Mayor etc.,* 7 Cow. 585.) Though at the same time said ditch was constructed there may have been no necessity for bridging the same, the owners were bound to know that said Boise City, through which it ran, might become a populous city, and in such case said ditch would become a public nuisance unless it was bridged and covered in places so as to protect the public from danger and injury, and to give the public the free use of streets. And when that period should arrive, as it is shown by the record it has, the owners thereof would be amenable to the laws for the suppression of nuisances. The respondent must so conduct its said ditch business, and so bridge

and place guards about said ditch, as to protect the public from danger and injury therefrom, at its own expense. If it does not do so, it comes in conflict with the law for the suppression or removal of nuisances, and must yield to it. The police power of Boise City is amply sufficient to compel the inhabitants or property owners thereof to so conduct their affairs and use their property in a manner as not to be injurious to health, or indecent or offensive to the senses, and not to obstruct the free passage or use of streets in the customary manner.

But it is argued by the respondent that the act of March 15, 1899, amending sections 935, 968 of the Revised Statutes (Sess. Acts 1899, p. 405), exempts respondent from maintaining bridges over its said ditch, where it runs over the public highway, in repair. To this argument we reply that said act is prospective in its operation, and does not apply to ditches and canals that had been constructed across public highways prior to the time said act went into effect. It is doubtful whether the legislature has power to take away from the public, by legislation, a right which had vested in the public prior to such legislation.

The conclusion we reach is that it was the duty of respondent to build said bridge, and as it failed and neglected to do so, and the city built it, the city may recover the cost of building the same from respondent. The judgment is reversed and the cause remanded, with instructions to enter judgment in favor of the appellant, as prayed for in the complaint. Costs of this appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.