(December 14, 1909.)

A. C. MacCAMMELLY, Road Overseer, District No. 27, Canyon County, Respondent, v. PIONEER IRRIGATION DISTRICT, a Corporation, Appellant.

[105 Pac. 1076.]

CANALS AND DITCHES—PUBLIC ROAD LOCATED OVER—DUTY TO CONSTRUCT BRIDGE—STATUTES—CONSTRUCTION OF—RIGHT OF WAY—RIGHT TO CONSTRUCT DITCH ON—BRIDGE A PART OF PUBLIC ROAD—NUISANCE.

1. *Held*, that the provisions of sec. 931, Rev. Codes, apply to highways across railroads on public lands and not to highways crossing irrigation canals and ditches.

2. Sec. 2713, Rev. Stat., is contained in chap. 5, title 4 of the Civil Code, and the title to said chapter is as follows: "Water and Canal Corporations," and the four sections of said chapter, to wit, secs. 2710 to 2713, inclusive, were intended to apply to water corporations furnishing water to cities and towns, and not intended to apply to corporations furnishing water for irrigation purposes. (See secs. 2838, 2839, 2840 and 2841, Rev. Codes, 1909.)

3. The provisions of sec. 951 of the Rev. Codes apply to ditches which are extended across public streets and highways and not to ditches that were constructed prior to the location of such highways.

4. Under the provisions of sec. 3310, Rev. Codes, it is the duty of the county to construct bridges that are required to complete all roads intersecting ditches or canals laid out after the construction of such ditches or canals; but when ditches or canals are constructed across an existing road or highway, one established by prescription or duly located by the county commissioners, then it is the duty of the owner to construct a proper bridge across such ditch or canal.

5. *Held*, under the provisions of sec. 3659, Rev. Codes, that a ditch or canal constructed and maintained under the express authority of a statute cannot be deemed to be a nuisance.

6. The cases of *Boise City v. Boise City Rapid Transit Co.*, 6 Ida. 779, 59 Pac. 716, and *City of Lewiston v. Booth*, 3 Ida. 692, 34 Pac. 809, distinguished.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Action to recover from defendant the cost of constructing a bridge over its irrigating canal. Judgment for plaintiff. *Reversed.*

Rice, Thompson & Buckner, for Appellant.

"Where a canal is in existence and highways and streets are subsequently laid out, the canal company is not bound to bridge the canal at the intersection of such highways and streets." (*Lowell v. Proprietors Merrimack River Locks,* 104 Mass. 18; *Morris Canal etc. Co. v. State,* 24 N. J. L. 62; *Oswego v. Oswego Canal Co.,* 6 N. Y. 257; *Erie v. Erie Canal Co.,* 59 Pa. 174; 6 Cyc. 272, par. 27.)

The construction of the canal was a lawful act. As respects the highway subsequently created, the canal is to be regarded, so far as respects the burden of building bridges across it, as if it were a natural stream. It had an actual and lawful existence before the road was laid out, and no new obligations were imposed upon the canal company by the laying out of the way. (*Oswego v. Oswego Canal Co., supra.*)

To impose upon the defendant the burden of bridging the canal under the facts and circumstances presented in this case can only be based upon the proposition that said canal is a nuisance *per se.* The canal has not been adjudged a nuisance by judicial determination. No statute of this state can be cited which defines nuisances within the meaning of which this ditch is comprehended. (*City of Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693; *Griffith v. McCullum,* 46 Barb. 561.)

Hugh E. McElroy, and C. E. Winstead, appearing *amici curiae.*

"A nuisance *per se* is an act, occupation or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." (29 Cyc. 1153.)

Clearly, an irrigation canal cannot be so construed. It was expressly held otherwise in the case of *City of Fresno v. Fresno Canal & Irr. Co.,* 98 Cal. 179, 32 Pac. 943. In the

case of *Ex parte Shrader,* 33 Cal. 284, the supreme court of California defines a nuisance *per se* as follows: "A nuisance *per se* .... is a nuisance which the judge can declare to be such without inquiry into extrinsic facts; that is to say, a nuisance by enumeration rather than by definition."

Smith & Scatterday, *amici curiae.*

The rule to be applied to this appellant and to the numerous other ditch companies in the older settled portions of the state, where the police power of a city is not appealed to, must be determined strictly upon the statutes regulating the building of bridges and the general law as to private ownership of property without regard to the law of abatement of nuisances which governs the case of *Boise City v. Boise Rapid Transit Company.* The ditches in question, located as they are in sparsely settled communities, cannot be said to be nuisances in the same way that they would if located in a city.

Owen M. Van Duyn, Prosecuting Attorney for Canyon County, for Respondent.

An unbridged canal upon a public road is a nuisance. (*Boise City v. Boise Rapid Transit Co.,* 6 Ida. 779, 59 Pac. 716; *City of Lewiston v. Booth,* 3 Ida. 692, 34 Pac. 809; sec. 3656, Rev. Codes.)

SULLIVAN, C. J.—This action was brought for the purpose of determining whether it was the duty of the ditch owner to construct a bridge across his ditch or canal when a public highway is laid out across the same after the canal or ditch has been constructed, and was submitted to the court upon an agreed statement of facts.

The agreed facts show that the canal was constructed in 1890 and that the public road across the same was laid out in 1907, seventeen years after the canal had been constructed. It is also stipulated that since 1890, the right of way for said canal has been and now is owned in fee by the Pioneer Irrigation District, a corporation, which corporation is defendant

in this action; that since its construction, said canal has been owned and maintained by said irrigation district and its predecessors, and during all of said time has been used for carrying water for irrigation purposes; that said irrigation district is an irrigation district duly organized and existing under and by virtue of the laws of the state of Idaho; that on the 18th day of April, 1907, Canyon County, or the proper officers thereof, laid out and created a public road that intersected and crossed said canal at a certain point in said Canyon county, describing it, that point being in Road District No. 27, and that the plaintiff in this action is the road overseer of said district; that ever since said public road was laid out, the public has been unable to cross said canal at the point where said public road is laid across it, for the lack of a bridge; that it was necessary that a bridge be constructed across said canal for the convenience of the public; that on the 14th day of May, 1908, the road overseer of said district, acting under the instructions of the county commissioner of said county, served notice upon the president of said irrigation district, directing said district to construct a bridge over said canal at the point of intersection with said public road; that the president of said district, under the authority and direction of the board of trustees of said district, refused to build said bridge, on the ground that said canal was constructed prior to the time that said public road was laid out, and because of that fact it was the duty of the county to build said bridge, and not of said irrigation district; that thereafter and before the bringing of this action, Canyon county, by and through its said overseer, built said bridge and that the cost of said bridge, in material and labor, was $29.45; that said irrigation district refuses to pay said sum so expended, on the ground that it was not its duty under the law to build the same.

Upon the stipulated facts, the cause was presented to the district court, and the court found that the Pioneer Irrigation District was liable upon said facts and entered judgment against it for the sum of $29.45, the cost of the construction of said bridge. From that judgment this appeal was taken.

It is contended, under the agreed facts, that the judgment is contrary to law. The facts show that the appellant, the Pioneer Irrigation District, is an irrigation district duly or-- ganized and existing under and by virtue of the laws of the state of Idaho for the purpose of furnishing the people and land owners within said district water for irrigation pur- poses; that said canal was constructed long prior to the lay- ing out of said public road; that the canal was constructed in 1890 and the public road was laid out in 1907; that ever since 1890 the right of way for said canal has been and now is owned in fee by said irrigation district and its predecessors; that ever since its construction it has been used for carrying water for irrigation purposes.

Both in the oral argument and in the brief filed on behalf of the county, it appears that the county bases its right to prevail in this suit upon the statutes of Idaho and on the decisions of this court in *Boise City v. Boise Rapid Transit Co.*, 6 Ida. 779, 59 Pac. 716, and *City of Lewiston v. Booth,* 3 Ida. 692, 34 Pac. 809.

We will first consider the sections of our statute relied upon by the respondent county. Counsel cites sec. 931, Rev. Codes, and contends that it shows the legislative intent was to compel public corporations to relieve the public of expense caused by artificial construction. Said section is as follows:

"Whenever highways are laid out to cross railroads on public lands, the owners or corporations using the same must, at their own expense, so prepare their road that the public highway may cross the same without danger or delay, and when the right of way for a public highway is obtained through the judgment of any court, over any railroad, no damage must be awarded for the simple right to cross the same."

That section applies to highways laid out across railroads on public lands, and has no reference whatever to canals and ditches.

Counsel next cites sec. 2713 of the Rev. Statutes of 1887, which section is as follows:

"Every water or canal corporation must construct and keep in good repair at all times for public use, across their canal, flume or water-pipe, all of the bridges that the board of commissioners of the county in which such canal is situated may require, the bridges being on the lines of public highways and necessary for public uses in connection with such highways; and all waterworks must be so laid and constructed as not to obstruct public highways."

Said sec. 2713, Rev. Stat., applies exclusively to corporations formed for the purpose of supplying water to cities and towns.

That section is contained in Chap. 5 of Title 4 of the Civil Code, Rev. Stat. 1887, and its title is, "Water and Canal Corporations." That chapter contains but four sections, 2710 to 2713, inclusive. Sec. 2710 refers to the contracts of canal corporations for supplying cities and towns with water. Sec. 2711 provides the duties of water corporations and the manner of fixing the rates to be charged for water. Sec. 2712 provides for the right to use streets, ways, alleys and roads for laying pipes for conducting water into a city or town; and sec. 2713 provides that such canal corporations must build and keep bridges in repair, and has no application whatever to water corporations like the appellant, but has application to water and canal corporations organized for the purpose of supplying cities and towns with water. (See *Jack v. Grangeville,* 9 Ida. 291, 74 Pac. 969.)

In the Rev. Codes, said four sections, with some changes, are found in secs. 2838, 2839, 2840 and 2841. However, only the last sentence in said sec. 2713, Rev. Stat., is contained in sec. 2841, Rev. Codes, all that part of said section preceding said last sentence having been dropped from said section.

Sec. 951 of the Rev. Codes is as follows:

"Any person desiring and intending to run water across any public road, street or highway in this state, must first construct a ditch of sufficient size to carry all such water, and must build a good substantial bridge, with good easy grades on and off the same over such ditch or ditches not less than sixteen feet wide, of good hewn or sawed timber or

lumber, not less than three inches thick, laid on good sub-
stantial timbers, not less than six inches square; said timbers
shall not be laid more than three feet apart;. *Provided,* that
when the quantity of water of any ditch is such that a box
or culvert will carry the same, said water may be conducted
across any road, street or highway by means of such box or
culvert, which must be adapted to the surface of the road,
street or highway, and be built of a length of not less than
sixteen feet, and in a manner so substantial as to bear and
admit of uninterrupted travel; *Provided,* that when such
bridge or box shall be constructed as above required and re-
ported to the road supervisor of the road district where the
same is located, it shall become county property and be main-
tained as other county bridges; *Provided,* that the said bridge,
box or culvert is accepted by the road overseer as being built
according to the above sections.''

Sec. 3310, Rev. Codes, is as follows:

''All owners of any ditch, canal, or conduit, or any other
means for conveying water, shall build substantial bridges
not less than sixteen feet wide, and with boards not less than
two inches in thickness (unless the same shall be on a county
or state road, when such boards shall not be less than three
inches thick), at all places where any county or state road
crosses the same, or any road kept open and used by any
neighborhood of people for their benefit and convenience. In
case of neglect or refusal of such owners to build such bridges
as above required, after a notice of ten days being given by
the said board of county commissioners of the proper county,
said board shall proceed to the construction of the same, and
shall collect the cost thereof together with the costs of suit:
*Provided,* that after said bridge shall have been constructed
across any county or state road in accordance with the pro-
visions of this section, it shall thereafter be maintained at
the public expense.''

Said section 951 is a part of our statutes on highways, and
sec. 3310 is a part of our statutes which provide for the appro-
priation and distribution of water. The provisions of said
sec. 951 apply in plain terms to ditches or canals that are .

extended across highways that have been located and laid out prior to the construction of such ditches or canals. Sec. 3310 is rather obscure in the language used, and in the proviso refers to bridges that are constructed across county or state roads, evidently meaning bridges that are constructed across ditches. Bridges are not usually constructed across highways but are constructed across streams, ditches and perhaps other obstructions in highways. That section applies to bridges across ditches and canals and not to bridges across roads and highways. Bridges that are constructed to complete highways are parts of the highway, and the legislature in enacting said section evidently intended to have its provisions apply to ditches or canals that were constructed across highways after such highways had been duly located or laid out. We therefore conclude, under the provisions of sec. 3310, that it is the duty of the county to construct bridges that are required to complete all roads intersecting canals or ditches, laid out after the construction of such ditches or canals; but when ditches or canals are constructed across an existing road or highway, then it is the duty of the owner to construct proper bridges across them.

It is next contended that said canal, where it is intersected by said road, is a public nuisance under the provisions of sec. 3656, Rev. Codes, for the reason that it obstructs the free use of said road. Said section is as follows:

"Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street or highway, is a nuisance."

It is contended that said canal is a public nuisance under the provisions of said section because it obstructs the free passage or use of said highway. Said section provides, among other things, that anything which unlawfully obstructs the free passage or use of a highway is a nuisance. But there never was a free passage or use of a highway across said

canal.  The county commissioners ordered a road laid out across said canal.  It was located across said canal and before it was a road, it was not capable of being obstructed as a road.  In other words, to complete the highway at that point, a bridge must be built, and until a bridge was built it was not complete as a highway and capable of being unlawfully obstructed at the place where it was located across the canal. The construction of the canal was lawful and the uses and purposes to which it had been put are lawful.  It has not been adjudged a nuisance by judicial determination.  Said canal was constructed and maintained under the express authority of a statute, and for that reason it cannot be deemed a nuisance under the express provision of sec. 3659, Rev. Codes.  When a thing complained of is lawful, the burden is upon the plaintiff to show that it has become a nuisance in fact, which was not done in this case.  The canal had an actual and lawful existence at the time the road was located and unless it is shown that it has become a nuisance, it will not be presumed that it has become such.

The case of *Boise City v. Boise City Rapid Transit Co.,* *supra,* is clearly distinguishable from the case at bar.  Subdiv. 10 of sec. 37 of the charter of Boise City (see Rev. Ordinances of Boise City, p. 12) provides that the council of said city has full power and authority "to prevent and remove nuisances and to declare what shall constitute same and to punish persons committing or suffering nuisances and to provide the manner of their removal and to make the cost of such removal a lien upon the property where such nuisances existed. . . . . "  The record in that case showed that the bridge across the ditch was in a dangerous and unsafe condition; that it was maintained by respondent in that condition; that the proper authorities of said city notified the owners of that fact and directed them to repair said bridge, which they refused to do.  That company was engaged in the business of conveying water through said ditch for sale and rental, and this court in that case stated as follows: "The rule is well settled that when a city extends its limits, offensive trades and businesses must be removed beyond the immediate

neighborhood of residences of citizens.'' This rule applies to canals and ditches extended through cities and towns, and whenever such canals or ditches become a nuisance and a menace to the lives or the health of the people, the proper authorities may require their removal or require the owners to inclose or cover the same or to conduct the water conveyed by them through underground pipes.

It nowhere appears in the case at bar that the canal or ditch referred to had become a nuisance where said bridge was placed across it. It does not appear that the business in which the respondent irrigation district is engaged has become offensive to the people living in that district, or that said ditch was such an obstruction in a highway as to come within the provisions of said section 3656, Rev. Codes. While it is true the county had located a road across said canal, it is also a fact that said right of way had to be repaired in places, at least, where it crossed said ditch before it was in a condition to be traveled by the public. There is a clear distinction, then, between the facts in the case at bar and the case just referred to.

In *City of Lewiston v. Booth, supra,* the ditch involved there was across E street, and at the time the ditch was constructed said E street was a county road, and it became the duty of those who owned said ditch to construct a bridge across it where it intersected said street or road. The decision no doubt would have been different had it appeared that the ditch was constructed prior to the laying out of the public road, or that the city had extended its limits and said ditch had become offensive and dangerous to the health and lives of the inhabitants of that city.

Those cases are not in point here.

From the foregoing we conclude that the court erred in entering judgment against the appellant for the cost of the construction of said bridge. Said judgment must therefore be set aside, and it is so ordered, with costs in favor of the appellant.

Stewart and Ailshie, JJ., concur.