(April 20, 1911.)

BOISE CITY, a Municipal Corporation, Respondent, v. BOISE CITY CANAL CO., Appellant.

[115 Pac. 505.]

NUISANCE—BRIDGING CANALS—LIABILITY OF CANAL OWNER TO BRIDGE CANAL—RIGHT OF WAY FOR CANAL.

(Syllabus by the court.)

1. Where a canal was constructed over the public domain and through what is now the site of Boise City prior to the issuance by the government of a patent for the townsite of Boise City, and the canal was being operated and maintained through the townsite at the time and prior to the issuance of patent from the government, *held*, that the city has no power or authority to compel the owner of the canal to build bridges across such canal

where streets have been extended across the canal subsequent to the building of the canal.

2. Where a canal has been constructed and operated in accordance with law, it is not a nuisance, and can only become a nuisance by reason of the manner in which it is maintained or the method of its operation, and the mere fact that a municipality subsequently extends a street across a canal which has been lawfully constructed and operated does not convert the canal into a nuisance at the place where the street crosses the canal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to recover the cost of constructing a bridge. Judgment for plaintiff and defendant appealed. *Reversed.*

A. A. Fraser and J. L. Niday, for Appellant.

Where a ditch company has possession of a right of way and constructs a ditch thereon prior to the time that the highway crossing the same has been laid out and dedicated to the public, it cannot be compelled to construct at its own expense and keep in repair bridges across said ditch or canal which may be necessary for the public travel. (*Broder v. Natoma Water & Mining Co.*, 101 U. S. 274, 25 L. ed. 790; *City of Denver v. Denver & S. F. R. R. Co.*, 17 Colo. 583, 31 Pac. 338; *Perley v. Chandler*, 6 Mass. 453, 4 Am. Dec. 159; *City of Lowell v. Props. of Locks and Canals*, 48 Mass. 1; *Tynon v. Despain*, 22 Colo. 240, 43 Pac. 1039; *City of Denver v. Mullen*, 7 Colo. 345, 3 Pac. 693; *City of Oswego v. Oswego Canal Co.*, 6 N. Y. 257; *Town of Providence v. Dyerville Mfg. Co.*, 13 R. I. 45; *Platte & Denver Ditch Co. v. Anderson*, 8 Colo. 131, 6 Pac. 515; *Morris Canal & Banking Co. v. State*, 24 N. J. L. 62; *Hutton v. City of Camden*, 39 N. J. L. 122, 23 Am. Rep. 203.)

As a matter of law, it has already been decided by the supreme court of this state that the ditch in question was not a public nuisance within the statute. (*McCammelly v. Pioneer Irr. Dist.*, 17 Ida. 415, 105 Pac. 1076.)

Frank B. Kinyon, for Respondent.

All of the questions involved in this case were before this court in the case of *Boise City v. Boise Rapid Transit Co.*, 6 Ida. 779, 59 Pac. 716. In that case this court held that, "The city having extended its limits and platted its streets across said ditch, the owner thereof must bridge the same at his own expense, whenever such ditch obstructs the free passage or use of such streets. If it fails to do so, the ditch becomes a public nuisance, and it may be bridged by the city at the expense of the owner."

It is not necessary that the word "nuisance" should be found in the complaint if the facts alleged and proven show it to be a nuisance, as we contend they do.

BRYAN, District Judge.—This is an action brought by Boise City, a municipal corporation organized and existing by virtue of the laws of the state of Idaho, against the Boise City Canal Co., a corporation, in which the plaintiff seeks to recover from the defendant the sum of $27.50, the same being the amount expended by the plaintiff in the construction and repair of certain bridges across the canal of defendant and within the corporate limits of the city of Boise. The action was begun in the justice's court of Boise precinct and thereafter appealed to the district court of the third judicial district. The trial in the district court was upon an agreed statement of facts as follows:

"1. That the said defendant now is and has been during all the time since the —— day of ———— in the year 1867 a corporation, and has been, together with its successors in interest, during all of the time since said date the owner of, in the possession of and operating and controlling the canal mentioned in plaintiff's complaint herein. That the water running through said canal is distributed to divers and different persons for the purpose of irrigating city lots in Boise City, Idaho, and farm lands adjacent to said Boise City;

"2. That during the year 1864 said canal was constructed as far as the Natatorium east of said Boise City; that the said canal was constructed through Boise City in the spring of 1865, and has during all the times since the construction thereof, been operated in its present course by running water through the same; that patent to the lands over which said ditch runs was issued to the mayor of Boise City May 2, 1870;

"3. That on the 11th day of January, 1866, the plaintiff, Boise City, was duly incorporated as a municipal corporation, and that at the time of said incorporation of plaintiff, the said streets referred to at paragraphs —— of plaintiff's complaint were laid out as streets and public highways, and that none of them were so laid out until the 25th day of November, 1867, when a plat of the said Boise City was filed, embracing all streets from 1 to 16 thereof, both inclusive, and that subsequently, to wit, on the —— day of ————, 18—, the remaining streets, to wit, 17th and Franklin, were laid out as streets and public highways, and that all of said streets, after their respective dates herein set forth, have ever since said dates been used by the public as streets and public highways of said Boise, and that said streets above mentioned are situated within the corporate limits of said Boise City; and that each and all of said streets were laid out subsequent in point of time to the construction of said canal, that is to say, that said streets were opened across the said canal, and not that the said canal was constructed across said streets; that the canal of said defendant at the point mentioned in plaintiff's complaint herein, to wit, 17th and Franklin, 15th and State, Idaho between 12th and 13th, and the alley between 11th and 12th and between Idaho and Main, is crossed by said streets and alleys.

"4. That on the 7th day of March, 1908, certain bridges over and across said canal where said canal is crossed by the streets and alleys of Boise City at the points named in paragraph 3 hereof, became and were out of repair and dangerous and wholly unsafe and insufficient for public travel."

The stipulation further asserts that on March 7th the defendant was duly served by the plaintiff with notice to improve and repair the bridges above mentioned. From a judgment in favor of the plaintiff and an order overruling a motion for a new trial, an appeal has been taken to this court.

Counsel for appellant make the following specifications of error: "First, the court erred in deciding upon the agreed facts in this case that the plaintiff was entitled to judgment for the amount claimed, together with its costs of suit; second, the decision of the court is against law; third, the court erred in not ordering judgment for the defendant."

Sec. 724 of chapter 3 of the Revised Ordinances of the City of Boise, as amended by Ordinance No. 786, reads as follows: "It is hereby made the duty of any person or persons, firm or corporation, that now or who shall hereafter run any water for irrigation or for any other purpose across any of the streets or alleys within the incorporated limits of the city of Boise, Idaho, to construct and keep in repair a good and substantial culvert or bridge of sufficient capacity for carrying all water so run, and to cover such culvert or bridge the entire distance where the same crosses said streets or alleys."

The agreed statement of facts on which the cause was tried in the district court shows that each and all of the streets upon which it is sought to require the defendant to construct and maintain bridges across its canal were laid out subsequent in point of time to the construction of the said canal. The question, therefore, to be determined is whether the defendant company, which acted within its lawful rights in constructing and operating its canal across the land in controversy prior to the incorporation of the plaintiff municipality and long prior to the issuance of patent to the land to the mayor of the plaintiff corporation by the United States government, can now be compelled by an ordinance of the plaintiff city to build and maintain bridges over and across its canal where the streets of the said city cross the same.

A case almost identical with the one at bar is the *Morris Canal & Banking Co. v. State,* 24 N. J. L. 62. In that case, the court say: "The right of laying out the road across the canal being conceded, it remains to inquire whether the canal company is bound to build and maintain the bridge, or whether that duty devolves upon the public. There is clearly at common law no obligation upon the company to construct or maintain the bridge. They created no nuisance at the point where the bridge is now required by the construction of the canal. No highway was in existence at that place when the canal was built, and, consequently, no way was obstructed by the act of the defendants. The company did no act for which they were indictable; they created no nuisance which they were bound to abate."

"If the defendants are bound to construct the bridge, it must be by virtue of some obligation created by their charter. The indictment properly rests the duty of the company to build the bridge solely upon this ground.

"The 12th section enacts that when the canal shall cross any road or farm, it shall be the duty of the company, at their proper expense, to make good and sufficient bridges across said canal, and to keep the same in repair, so as to prevent any inconvenience in the usage of the said road or farms, by reason of the said canal crossing the same.

"It is certainly true, as was contended by the counsel of the state, that where a canal and highway intersect each other, it is grammatically and mathematically correct to speak of the canal crossing the road, or the road crossing the canal. In describing an existing state of things, either form of expression might be adopted with equal propriety. But at the passage of the act, the canal had no existence. The legislature were making provision for a work about to be constructed, and they declare that when the canal shall cross any public road or farm, that is, when the canal shall be constructed across any public road or farm, it shall be the duty of the company to build and repair bridges. Such is the plain and obvious import of the language. To construe it to mean, when the canal shall cross any public road, or when

any public road shall hereafter be laid out across the canal, the company shall build and repair bridges, is giving a broader meaning to the requirements than the language fairly imports, and one which could not have been intended to apply to farms. It never could have been the design of the legislature to require that in all future time whenever a landholder should choose to unite two tracts of land, lying on opposite sides of the canal, into one farm, the company should build and maintain a bridge for his accommodation. If the language of the act will not bear this construction in regard to farms, neither can it in regard to highways. The same construction must, of necessity, be adopted in regard to both.''

It will be conceded that there is no statute of this state which compels ditch companies to construct bridges over highways in cases where the highway was not laid out or dedicated to the public prior to the construction of the ditch. It was so held by this court in the case of *MacCammelly v. Pioneer Irrigation District*, 17 Ida. 415, 105 Pac. 1076, in the following language:

''It is next contended that said canal, where it is intersected by said road, is a public nuisance under the provisions of sec. 3656, Rev. Codes, for the reason that it obstructs the free use of said road. Said section is as follows: 'Anything which is injurious to health or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street or highway, is a nuisance.'

''It is contended that said canal is a public nuisance under the provisions of said section because it obstructs the free passage or use of said highway. Said section provides, among other things, that anything which unlawfully obstructs the free passage or use of a highway is a nuisance. But there never was a free passage or use of a highway across said canal. The county commissioners ordered a road laid out

across said canal. It was located across said canal, and before it was a road it was not capable of being obstructed as a road. In other words, to complete the highway at that point, a bridge must be built, and until a bridge was built it was not complete as a highway and capable of being unlawfully obstructed at the place where it was located across the canal. The construction of the canal was lawful and the uses and purposes to which it had been put are lawful. It has not been adjudged a nuisance by judicial determination. Said canal was constructed and maintained under the express authority of a statute and for that reason it cannot be deemed a nuisance under the express provision of sec. 3659, Rev. Codes. When a thing complained of is lawful, the burden is upon the plaintiff to show that it has become a nuisance in fact, which was not done in this case. The canal had an actual and lawful existence at the time the road was located and unless it is shown that it has become a nuisance, it will not be presumed that it has become such.''

In the case just cited, the court held that as between the county and the canal company and outside of an incorporated city where the canal had been constructed prior to the laying out of a public road, there was no obligation upon the company to bridge its canal. We see no reason why the same rule should not apply within the boundaries of an incorporated city.

The case of *Oswald Broder v. Natoma Water & Mining Co.*, decided by the supreme court of the United States in the year 1879 and reported in 101 U. S., at page 274, 25 L. ed. 790, is in many respects parallel with the case at bar. In the said case the action was commenced by the plaintiff in error in the district court of the sixth judicial district of the state of California, in and for Sacramento county, claiming title to a certain tract of land and alleging that the defendant had unlawfully entered the same and constructed a ditch across it. Plaintiff prayed that the ditch might be adjudged to be a nuisance; that, at the expense of the defendant, it might be filled up and abated. The defendant answered, denying the allegations of the plaintiff and averring that eighteen

years before, while these were public lands, the defendant entered thereon and constructed the ditch complained of, and has ever since continuously held exclusive possession and ownership of the lands used for the purposes of the ditch, adversely to the plaintiff and all other persons, for the purpose of supplying water to miners and others; and that this entry, possession and ownership were taken, acquired and held according to the local law of California and under the license of the United States confirmed by the act of Congress of July 26, 1866. The court in deciding the case used the following lucid and terse language:

"As to the canal of the defendant: So far as it ran through the land of the United States, at the date of this act it was an unequivocal grant of the right of way, if it was no more. As the plaintiff's right commenced subsequent to this statute, as to the lands patented to him and his brother, he took the title subject to this right of way and cannot now disturb it. . . . .

"We are of opinion that it is the established doctrine of this court that rights of miners, who had taken possession of mines and worked and developed them, and the rights of persons who had constructed canals and ditches to be used in mining operations and for purposes of agricultural irrigation, in the region where such artificial use of the water was an absolute necessity, are rights which the government had, by its conduct, recognized and encouraged and was bound to protect before the passage of the act of 1866, and that the section of the act which we have quoted was rather a voluntary *recognition of a pre-existing right of possession,* constituting a valid claim to its continued use, than the establishment of a new one. This subject has so recently received our attention, and the grounds on which this construction rests are so well set forth in the following cases, that they will be relied on without further argument: *Atchison v. Peterson,* 20 Wall. (U. S.) 507, 22 L. ed. 414; *Basey v. Gallagher,* 20 Wall. 670, 22 L. ed. 452; *Forbes v. Gracey,* 94 U. S. 762, 24 L. ed. 313; *Jennison v. Kirk,* 98 U. S. 453, 25 L. ed. 240."

We think the above-mentioned cases embody the law applicable to the case at bar and are conclusive of this controversy.

Upon the argument of this cause, counsel for respondent relied almost entirely upon the authority of the case of *Boise City v. Boise City Rapid Transit Co.*, decided by this court in the year 1899 and reported in 6 Idaho, at page 779, 59 Pac. 716. An examination of the record in that case discloses the fact that counsel on both sides presented the case upon a theory not covered by the pleadings and which was not an issue in the case. It will be observed that this last-mentioned case was tried out in this court upon the question as to whether the canal, over which there was a bridge in a dangerous and unsafe condition, thereby became a public nuisance to the extent that the company was legally bound to rebuild the bridge. As stated above, this question was not raised by the pleadings, and for these reasons the said case cannot be considered an authority in the cause now before us. However, we think that the said case, in so far as the same may conflict with the views herein expressed, should be and the same is hereby overruled.

It follows that the judgment of the district court must be reversed, with costs to the appellant. The case is remanded, with direction to take such further action as may be necessary and in harmony with the views herein expressed.

Ailshie, Presiding J., and Sullivan, J., concur.