(October 2, 1915.)

CITY OF TWIN FALLS, Respondent, v. GEORGE E. HARLAN, Appellant.

[151 Pac. 1191.]

CITY ORDINANCE—NUISANCE—DITCH IN STREET—COVERING OF—RIGHT OF WAY FOR DITCH—EXTENSION OF CITY LIMITS—AUTHORITY OF CITY COUNCIL—ESTOPPEL.

1. Where a ditch is constructed under a contract with the state to reclaim certain lands included in a Carey Act Irrigation project, and thereafter a town or city extends its limits so that one of the streets of such extension is so platted as to include such ditch, and thereafter the city council passes an ordinance requiring such ditch to be covered and declaring it to be a nuisance if not covered, such ordinance *held* invalid when applied to the ditch in question.

2. *Held,* that the city of Twin Falls as a municipality of the state has not the power or authority to declare a ditch constructed under the laws and supervision of the state a nuisance.

3. Under the provisions of sec. 3659, Rev. Codes, nothing which is done or maintained under the express authority of the statute can be deemed a nuisance.

4. Where a ditch has been constructed and operated in accordance with the law, it is not a nuisance, and can only become one by reason of the manner in which it has been maintained and operated; and the fact that a municipality subsequently extends a street along and includes in it the right of way for such ditch does not convert such ditch into a nuisance.

5. Because a city fails to perform a duty that devolves upon it, a person cannot be punished for a condition resulting from such nonperformance.

6. *Held,* under the facts of the case and the law, that it was the duty of the city to cover said ditch if it was considered dangerous, or otherwise to protect the people from such danger.

7. *Held,* that a ditch or canal that was constructed prior to the time that a town or city was located along it occupies substantially the same position with reference to the city and its inhabitants as would a natural stream.

8. A right conferred or protected by the law cannot be overthrown or impaired by any authority of the city council derived from the police power.

9. *Held,* that the ditch in question is maintained and operated by the company in the usual manner, and that no unusual conditions exist, and nothing is shown to be harmful or dangerous aside from the fact that people live near it and may fall into it.

10. *Held,* that the duty to cover said ditch devolves upon the city, and that the city cannot impose such duty on the canal owner by declaring said ditch a nuisance.

11. Where a trial court judicially declares a thing to be a nuisance, its judgment is subject to review on appeal the same as any other judgment it may render.

12. *Held,* that because of the change made in that part of said ditch that runs through the Murtaugh Addition and the consent thereto by the city, the doctrine of estoppel is applicable to said city, and that the covering of said ditch through said addition is a matter between the city and the person who made the change.

13. The general power of a city to declare, prevent or abate a nuisance does not include the power to declare anything a nuisance which is not one in fact nor one *per se.*

APPEAL from the District Court of the Fourth Judicial District for the County of Twin Falls. Hon. Edward A. Walters, Judge.

The defendant, as manager of the Twin Falls Canal Company, was tried and found guilty of maintaining a nuisance by maintaining a ditch in one of the streets of the city of Twin Falls. *Reversed.*

A. M. Bowen, for Appellant.

The lateral in question, as a part of the Twin Falls canal system, was constructed under the supervision of the state officials and by authority of the state statutes. (*Hanes v.*

*Idaho Irr. Co.,* 21 Ida. 512, 122 Pac. 859; *State v. Twin Falls Canal Co.,* 21 Ida. 410, 121 Pac. 1039.)

This court has already decided the law of this case in *Boise City v. Boise City Canal Co.,* 19 Ida. 717, 115 Pac. 505.

Where a canal is constructed and operated according to law, a municipality cannot by extending its street create that a nuisance which was not a nuisance before. As the court says, it can "only become a nuisance by reason of the manner in which it is maintained or the method of its operation." (*Platte & Denver Ditch Co. v. Anderson,* 8 Colo. 131, 6 Pac. 515; *Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039; *City of Denver v. Denver etc. Ry. Co.,* 17 Colo. 583, 31 Pac. 338; *Broder v. Natoma W. & M. Co.,* 101 U. S. 274, 25 L. ed. 790; 6 Cyc. 272, note No. 27.)

Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance. (Sec. 3659, Rev. Codes.) It is held that this section applies to a canal laid out before a public road is laid across it. (*MacCammelly v. Pioneer Irr. Dist.,* 17 Ida. 415, 105 Pac. 1076.)

"Where the legislature directs or authorizes a particular thing to be done, the doing thereof cannot be charged or complained of as a nuisance." (29 Cyc. 1197; *Miller v. Webster City,* 94 Iowa, 162, 62 N. W. 648; *Dolan v. Chicago etc. Ry. Co.,* 118 Wis. 362, 95 N. W. 385; *Murtha v. Lovewell,* 166 Mass. 391, 55 Am. St. 410, 44 N. E. 347; *Simmons v. Patterson,* 60 N. J. Eq. 385, 83 Am. St. 642, 45 Atl. 995, 48 L. R. A. 717; *People v. Detroit Plank Road Co.,* 37 Mich. 195, 26 Am. Rep. 512; *Northern Trans. Co. v. Chicago,* 99 U. S. 635, 25 L. ed. 337.)

The city is estopped after having permitted and acquiesced in the change in the course of the ditch in the city limits. (*Simplot v. Chicago etc. Ry. Co.,* 16 Fed. 350, 5 McCrary, 158; *Los Angeles v. Cohn,* 101 Cal. 373, 35 Pac. 1002; *Sacramento County v. Southern Pac. Ry. Co.,* 127 Cal. 217, 222, 59 Pac. 568, 825; *Chicago v. Union Stockyards & T. Co.,* 164 Ill. 224, 45 N. E. 430, 35 L. R. A. 281; *Spokane St. Ry. Co. v. Spokane,* 6 Wash. 521, 33 Pac. 1072.)

A right conferred or protected by the constitution cannot be overthrown or impaired by any authority derived fom the police power    (Dillon on Mun. Corp., 5th ed., sec. 302.)    Nor can a city as a rule impair vested property rights.    (*Platte & D. Canal Milling Co. v. Lee*, 2 Colo. App. 184, 29 Pac 1036.)

Where any judicial tribunal judicially declares a thing to be a nuisance, its judgment is subject to review as any other judgment.    (*Denver v. Rogers*, 46 Colo. 479, 104 Pac. 1042, 25 L. R. A., N. S., 247.)

C. O. Longley, George Herriott and E. L. Ashton, for Respondent.

"Inasmuch as the question of nuisance or no nuisance is one of fact, it becomes necessary in all populous towns to regulate such matters by public ordinance, and the public policy requires that the corporation should not be disturbed in the exercise of its powers unless it clearly transcends its authority."    (*Monroe v. Gerspach*, 33 La. Ann. 1011; *Llano v. Llano County*, 5 Tex. Civ. App. 132, 23 S. W. 1008.)

The fact that a person or corporation has authority from the legislature or a municipality to do certain acts does not give the right to do such acts in a way constituting an unnecessary nuisance.    (*Sullivan v. Royer*, 72 Cal. 248, 1 Am. St. 51, 13 Pac. 655; *Tuzbner v. California etc. Co.*, 66 Cal. 171, 4 Pac. 1162, and cases cited; *Booth v. Rome etc. R. R. Co.*, 140 N. Y. 267, 37 Am. St. 552, 35 N. E. 592, 24 L. R. A. 105; 29 Cyc. 1199.)

"The powers granted to such corporations are to be construed as privileges conferred upon the understanding that they are to be exercised in strict conformity to private rights, and under the same responsibility as though the acts done in the execution of such powers were done by an individual."    (*Cleveland etc. R. R. Co. v. Pattison*, 67 Ill. App. 351; *Anderson v. Chicago etc. R. Co.*, 85 Minn. 337, 88 N. W. 1001; *Cogswell v. New York etc. R. Co.*, 103 N. Y. 10, 57 Am. Rep. 701, 8 N. E. 537; *Harmon v. Louisville etc. R. Co.*, 87 Tenn.

614, 11 S. W. 703; *Baltimore etc. R. R. Co. v. Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. 719, 27 L. ed. 739.)

This court in the case of *City of Nampa v Nampa etc. Irr. Dist.,* 23 Ida. 422, 131 Pac. 8, clearly laid down the law as to the right and authority of municipalities to regulate the method and manner of the operation by irrigation companies of ditches and laterals within the municipality.

Though the construction of a thing may be specially authorized by the state or the legislative acts of the state, the manner of the operation is not. (*Platte & Denver Canal & Milling Co. v. Dowell,* 17 Colo. 376, 30 Pac. 68; Kinney on Irrigation and Water Rights, sec. 1448; *Village of Pine City v. Munch,* 42 Minn. 342, 44 N. W. 197, 6 L. R. A. 763; Wood on Nuisance, 853–861.)

SULLIVAN, C. J.—This action was brought to determine the validity of an ordinance of Twin Falls city relating to the covering of a water ditch running through the streets of said city. The appellant was convicted of violating said ordinance in the district court of Twin Falls county and fined one dollar by the trial court, and the appeal is from the judgment and taken for the purpose of determining the legal right of the Twin Falls Canal Company to operate this ditch in the usual and ordinary manner through said city without covering the same as provided by said city ordinance. The appellant is the manager of the Twin Falls Canal Company, which company was in control of the Twin Falls canal system in said county.

The ditch involved is known as the Eighth street ditch, and is a part of the Twin Falls system. This ditch runs partly through sec. 16, which was originally a school section, and at least a part of the original townsite of Twin Falls, and a part through Murtaugh Addition to said city.

There is no substantial conflict in the proof of the case. It is contended on behalf of the city that said defendant as manager of the canal company operated said ditch in a way dangerous and unsafe to the inhabitants of said city, and particularly to those who resided upon the streets through

which the ditch runs. It is conceded that said ditch was not covered during the times complained of, except at street crossings. The main question involved is as to whether the city of Twin Falls had authority, under the laws of this state, to enact the ordinance referred to and make it applicable to this case, which ordinance provides for the covering of canals, irrigating ditches or water-ways of a certain size within the city of Twin Falls, and also provides a penalty for the violation thereof.

The following facts appear from the record:

That part of the ditch in question which runs through sec. 16 was constructed in September or October, 1904, and was a part of the system provided for by a contract made January 2, 1903, between the state land board and the Twin Falls Land & Water Company. By that contract a right of way was granted across all state and Carey Act lands for the canal system of which said lateral is a part. In return for these concessions, the state acquired certain valuable rights for purchasers of school lands, the purchase price for water rights being ten dollars an acre less than the Carey Act lands.

The part of said ditch through Murtaugh Addition was constructed originally in 1904 through Murtaugh's orchard, but that part which ran through said orchard was reconstructed by Murtaugh along the street in 1909.

Said sec. 16, which was school land, was purchased by the officers and directors of the Twin Falls Land & Water Company and they located the original townsite of Twin Falls on said section. That part of sec. 16 across which said ditch runs was not platted nor the street through which it now runs dedicated to the public until December, 1904, about two months after the construction of said ditch and one year after the Land & Water Company had acquired its right of way by contract with the state. At the time said right of way was obtained and also for some time after the ditch was actually constructed, the land over which the right of way extended was unreclaimed, sagebrush land. Following the construction of the ditch in question, the land became settled and this particular part along said ditch was platted into town lots and

the street along this ditch dedicated to the public, and a village government was established in 1905 and a city government sometime later.

This canal system, under said state contract, was completed by the construction company and transferred to the Twin Falls Canal Company in September, 1909, and has been operated by the latter company ever since. When this particular ditch was originally constructed, it ran through Murtaugh's orchard in the Murtaugh Addition. In 1909 Murtaugh applied to the city council for permission to change the location of said ditch along one of the city streets, and he obtained the consent of the city to do so and then constructed the ditch along the street and abandoned the ditch through his orchard. No objection was made by the city officials, and this change in the ditch was made before the transfer of the system to the settlers.

It is admitted that the operation of the ditch has always been in the usual and ordinary manner; that there is nothing in the ditch itself nor in the operation of the same by which it should be classified differently from other ditches in the state, of the same size and capacity. It is the ordinary ditch or lateral of the said canal company's system, properly maintained like others in said system. It has an average width through the city of about ten feet, and during high water the water depth is a little over three feet, while the velocity is only such as is usual and customary in ditches of that character.

Under the facts of the case the question involved is whether it is the duty of the canal company or the city to cover said ditch or otherwise protect people from falling therein.

The city apparently contends that said ditch is a nuisance in fact. It is clear that if this contention be correct and it is a nuisance in fact, it is not because of anything extraordinary in its construction, maintenance or operation. The ditch in question is not only permitted by the law of the state, but was constructed under and by virtue of a contract with the state land board under the provisions of the statute. (Sec. 1621, Rev. Codes.) The location, dimensions and character of

the ditch were provided for by the contract. The state through its land board and its state engineer not only expressly provided for the construction of said canal system, including the ditch in question, but exercised a supervisory control thereover. The statute makes it the legal duty of the state engineer to pass upon the sufficiency of such a canal system (sec. 1623, Rev. Codes) and the state, for a failure on the part of the construction company to comply with such contract may forfeit and sell the works and assets of the contractor to the highest bidder. This court held in the case of *State v. Twin Falls Canal Co.*, 21 Ida. 410, 121 Pac. 1039, as follows: "Under the provisions of the statute, the completing of said works is supervised by the state and ultimately the works must be turned over to the settlers, thereby providing a kind of municipal ownership."

In *Hanes v. Idaho Irr. Co.*, 21 Ida. 512, 122 Pac. 859, this court held: "The state law provides means whereby irrigation works may be constructed for the reclamation of such lands by any individual, association or company under the supervision of the state."

The relationship of the state to the Twin Falls project must be borne in mind. This system having been constructed under the laws and supervision of the state, the question naturally presents itself whether the city as a municipality of the state may declare a ditch constructed under the laws and supervision of the state a nuisance.

It is provided by sec. 3659, Rev. Codes, that nothing which is taken or maintained under the express authority of a statute can be deemed a nuisance. (See *MacCammelly v. Pioneer Irr. Dist.*, 17 Ida. 415, 105 Pac. 1076.) In *Boise City v. Boise City Canal Co.*, 19 Ida. 717, 115 Pac. 505, it was held that where a canal has been constructed and operated in accordance with the law, it is not a nuisance, and can only become a nuisance by reason of the manner in which it has been maintained or the method of its operation, and the mere fact that a municipality subsequently extends a street across a canal which has been legally constructed and operated does not convert the canal into a nuisance at a place where the street

crosses the same, and held that the city had no authority or power to compel the owner of the canal to build a bridge across such canal where such street had been extended across the canal subsequent to its construction.

It is conceded by counsel for respondent that the maintenance of said ditch is not a nuisance *per se,* but the question of its being a nuisance has been judicially determined in favor of the city and against the defendant in this case, and is conclusive; that the trial court found said ditch as operated by the appellant to be a public menace, dangerous and injurious to the health and safety of the inhabitants of Twin Falls and a nuisance.

If the canal company were guilty of any neglect of duty which resulted in creating the alleged nuisance, a different question would arise. But it must be remembered that no dangerous or obnoxious conditions were shown except as would necessarily result from a failure to have the ditch covered or inclosed.

The complaint charges the appellant with failure to "confine in a closed conduit or to cover all over or any part," etc., "thus permitting same" to become a nuisance. The case is predicated upon the idea that the failure to cover the ditch caused the nuisance. Of course, if the city failed to perform a duty that devolved upon it, the appellant could not be punished for a condition resulting from the nonperformance by the city of that duty. Under the facts and the law, it was clearly the duty of the city to cover said ditch, and if it were dangerous, to protect the people from such danger. The city has the power, under the law, to establish, lay out, alter, open any streets and alleys, improve and repair them, also to construct bridges and to wall and cover channels or watercourses.

In *MacCammelly v. Pioneer Irr. Dist.,* 17 Ida. 415, 105 Pac. 1076, this court held that the duty of constructing bridges across a previously constructed ditch rested upon the county. A ditch or canal that was constructed prior to the time that a town or city was located along it occupies substantially the same position with reference to the city and its inhabitants as would a natural stream. If the water of a natural stream is

used for the irrigation of lands along its course, it would not be just or right to compel such users to cover the stream where it ran through a village or city; it would develop upon the municipality to place such barriers along such stream as would be necessary to protect its people. A canal company is under the obligation to keep its canal in proper repair and proper condition to furnish the water users with water, and if this is properly done, the municipality would have no more right to complain than it would if it were a natural stream. The users of water from a natural stream would have the right to have the water of such stream, if they had appropriated it prior to the time that the village or city was laid out or established upon its borders, kept within its banks in order to give them the full benefit of their prior appropriations. The rule of law applicable to such a case would be the same whether the channel through which the water was conducted was artificial or natural.

As before stated, the appellant here was simply the manager of the Twin Falls company, and maintained said ditch as it had been maintained from the time it was constructed and prior to the extension of the city limits over it.

It was held in *Morris Canal & Banking Co. v. State,* 24 N. J. L. 62, which is a case similar to the one under consideration, that no highway being in existence when the canal was built at the place where the highway was located across it, the highway was not obstructed by the act of defendants, and that the company did no act for which they were indictable and created no nuisance which it was bound to abate.

The canal company involved in this action did no act, so far as the covering of said ditch was concerned and created no nuisance, which its manager was bound to abate.

In *Broder v. Natoma Water & Min. Co.,* 101 U. S. 275, 25 L. ed. 790, where it was sought to declare a ditch a nuisance, the court held that it could not be done by reason of the fact that the right of way for the ditch had been acquired prior to the time that the plaintiff had procured title to his land from the United States.

In the case of the *City of Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693, the defendants had a right of way or easement for a water ditch used to carry water to a flour-mill and for irrigation. The city of Denver later extended its streets over the ditch and as the neighborhood became populous the ditch without being bridged amounted to an annoyance to the public. The city proceeded by ordinance to declare it a nuisance and to abate it as such. The facts were similar to the facts in the case at bar, the only difference being the method of procedure. In that case the court held that even where a nuisance existed, the municipality could not legislate against it until it had been judicially decreed a nuisance, it not being a nuisance *per se,* and that in view of the fact that the only point wherein it was claimed the operation thereof created a nuisance was the absence of bridges, no nuisance could exist for the reason that the duty to build the bridge rested upon the municipality. The court there held that the power of the city to declare what shall be a nuisance and to prevent and remove the same did not mean that the city council might by mere resolution or motion declare any particular thing a nuisance which had not theretofore been pronounced to be so by law or so adjudged by judicial determination.

If the alleged nuisance resulted from some duty resting upon the canal company, of course the company would be liable; but if the nuisance rests upon the failure of the city to perform its duty, then the company cannot be held for such nuisance. A right conferred or protected by the constitution or the law cannot be overthrown or impaired by any authority derived from the police power. (1 Dillon on Municipal Corp., 5th ed., sec. 301.)

It appears from the record that the ditch in question has been and is maintained and operated by the company in the usual manner. No unusual conditions exist. Nothing is harmful or dangerous aside from the fact that the people live near it and may fall into it. The street intersections are bridged, and foot-bridges are maintained across it in front of several residences.

Counsel for respondent cites and relies upon the case of *City of Nampa v. Boise & Nampa Irr. Dist.*, 23 Ida. 422, 131 Pac. 8, recently decided by this court. That case is not an authority in the case at bar. It did not involve the right to carry water through the city in an open ditch where the right of way had been acquired first, but where the right to use the streets for the distribution of water was acquired afterward by grant from the city. The court in rendering that decision had no intention of modifying the doctrine announced in either of the Idaho cases heretofore cited. It is clear that if the duty to cover said ditch rested by law on the city, the city cannot impose such duty on the canal owner by claiming a nuisance exists because of the failure of the canal owner to cover said ditch. The city certainly cannot evade its duty by declaring said ditch a nuisance when the nuisance is created by its own neglect to perform its duty.

Where a trial court judicially declares a thing to be a nuisance, its judgment is subject to review the same as any other judgment it may render, and the question whether a certain condition or state of facts creates a nuisance in law is a legal question which may be passed upon by the appellate court.

As to that part of the ditch which runs through the Murtaugh Addition, see the facts heretofore stated in regard to why the change in said ditch was made. Murtaugh and the city being responsible for said change from the point where said ditch was originally constructed in 1904, the city acquired no greater right over said ditch than it had prior to the change. The doctrine of estoppel *in pais* is applicable to municipal corporations and they will be estopped in certain cases. (See Dillon on Municipal Corps., 5th ed. sec. 1191.) What has been said heretofore in regard to said ditch applies equally to it as changed by Murtaugh with the consent of the city. The fact that the city in giving its consent in this matter acted irregularly, if it did so act, does not avoid the estoppel. If the city did not have the authority to grant the permission to make the change, then it could not be estopped;

but if it did have the authority and exercised it irregularly, then the city would be estopped. (See *City of Portland v. Bituminous Paving & Imp. Co.*, 33 Or. 307, 72 Am. St. 713, 52 Pac. 28, 44 L. R. A. 527.)

It would appear that the change was made to accommodate Murtaugh, and the company's afterward taking charge of the management of the ditch as changed would not make the company liable; and if the company could not take over the changed ditch upon the same terms as the old, it would probably not have taken it over, if it was going to cost them several thousand dollars because of the change. It would appear that the covering of the ditch through the Murtaugh Addition is a matter between the city and the persons who made the change. The city by ordinance could not make a nuisance where a nuisance did not exist and where the law says none shall exist. If it were held that the canal company, which is composed of the settlers and farmers on the land irrigated from said canal, is called upon to pay for covering said ditch through the city, they would be called upon to pay for the benefit of the residents of the city and be required to pay for covering a ditch that was constructed prior to the location of the city along the ditch.

We therefore conclude that the duty of covering or bridging a canal or water ditch over or along a public street or highway depends on the time when the right of way attached or the ditch was constructed. If the right of way was obtained or was created first and the highway or street laid out afterward, such duty does not rest upon the ditch owner but upon the public, that is, the city, town or highway district, as the case may be. Where a city acquires an easement for a street on or over land upon which a prior easement exists, the city takes such subject to the previous right of way or easement.

The general power of a city to declare, prevent and abate a nuisance does not include the power to declare anything a nuisance which is not one in fact nor one *per se.*

For the foregoing reasons the judgment of the trial court must be reversed, and it is so ordered, and the cause remanded

with instructions to render judgment in favor of the appellant in accordance with the views expressed in this opinion. Costs awarded to appellant.

Budge and Morgan, JJ., concur.