(August 3, 1925.)

L. A. PORTER, Appellant, v. THE CITY OF LEWISTON, a Municipal Corporation, WILLIAM THOMSON, Mayor, and C. E. PARKER, J. W. BRETT, R. M. COBURN, F. W. EMERY, JOSEPH KINCAID and J. L. FENTON, Councilmen of the City of Lewiston, Respondents.

[238 Pac. 1014.]

MUNICIPAL CORPORATIONS — POLICE POWER — POWER TO ENACT ORDINANCES — NUISANCES — ABATEMENT OF — NOTICE—HEARING—ORDINANCES—CONSTITUTIONAL LAW—REVIEW BY COURTS.

1. The police power of the state extends to everything essential to the public safety in the protection of health, morals and

---

Publisher's Note.

1. Power of municipal corporation to determine what is, and to remove, nuisance, see notes in 27 **Am. Dec.** 98; 120 **Am. St.** 372.

property, and justifies the abatement by summary proceedings of whatever may be duly declared to be a public nuisance, but the determination by the city council of a city to which police powers have been delegated by the legislature of the state, as to what is a proper exercise of its police powers, is not final or conclusive, being subject to judicial review.

2. Section 92 of the city charter of Lewiston delegated to the city council the power to declare what are nuisances by ordinances, which by definite, fixed standards, define, classify and enact what buildings, things or classes of things, and under what conditions and circumstances such specified things, are nuisances.

3. To justify a summary proceeding under the police powers of a city for the abatement of a nuisance consisting of dilapidated buildings, it must appear that considerations of public safety with respect to property, health or morals are actually involved, and that the buildings constituted a nuisance in fact.

4. A city ordinance may not delegate to the mayor and council the power to declare that to be a nuisance which is neither by common law, statute nor ordinance declared to be such.

5. The power to abate nuisances may be delegated to municipal authorities, so that when the condition of a structure makes it objectionable as endangering the public safety, steps may be taken summarily to abate or remove the nuisance thus created.

6. A city ordinance providing for the summary abatement of public nuisances need not require notice to the owner or give him the right to a hearing and an opportunity to be heard.

7. The acts of a municipal legislative body may always be reviewed by the courts to determine whether the constitutional rights of a party have been invaded.

8. Due process of law is not denied the owner of a building by a municipal ordinance under which such building, when in the judgment of the city council it has become so dilapidated as to be a fire menace or dangerous to passers-by, may summarily be destroyed or abated by municipal officers without preliminary hearing, since such acts by such municipal officers are subject at all times to restraint by the courts.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to enjoin the removal, as nuisances, of two buildings. Judgment for defendants. *Affirmed.*

Tannahill & Leeper, for Appellant.

Destruction of property is only to be resorted to by a municipality in cases of most impelling necessity. (*Hale v. Lawrence,* 1 Zab. (N. J.) 714, 47 Am. Dec. 190; McGehee's Due Process of Law, pp. 375–377; *Town of Bloomfield v. West,* 68 Ind. App. 568, 121 N. E. 4; *York v. Hargadine,* 142 Minn. 219, 171 N. W. 773, 3 A. L. R. 1627.)

If a nuisance exists and can be abated in any other manner than by a destruction of the property, the city council must resort to that method. (*Evansville v. Miller,* 146 Ind. 613, 45 N. E. 1054, 38 L. R. A. 161, 167, 168 and note; *Mount Vernon First Nat. Bank v. Sarlls,* 129 Ind. 201, 28 Am. St. 185, 28 N. E. 434, 13 L. R. A. 481.)

The city cannot prohibit the making of ordinary repairs and thereby destroy property. (*State v. Schuchardt,* 42 La. Ann. 49, 7 So. 67; *Harvey v. Elkins,* 65 W. Va. 305, 64 S. E. 247; *Town of Seneca v. Cochran,* 84 S. C. 279, 66 S. E. 288, 26 L. R. A. 124; *City of Sioux Falls v. Kirby,* 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621; *State v. Tenant,* 110 N. C. 609, 28 Am. St. 715, 14 S. E. 387, 15 L. R. A. 423; McQuillin on Mun. Corp., secs. 948, 949; *Russell v. Fargo,* 28 N. D. 300, 148 N. W. 610; 19 R. C. L., Municipal Corp., par. 135.)

The buildings do not constitute a nuisance *per se* or in fact, and are not dilapidated to such an extent as to render them a nuisance. (*Klingler v. Bickel,* 117 Pa. St. 326, 11 Atl. 555; *Rye v. Peterson,* 45 Tex. 312, 23 Am. Rep. 608; *Laugel v. Bushnell,* 197 Ill. 20, 63 N. E. 1086, 58 L. R. A. 266; *Yates v. Milwaukee,* 10 Wall. 497, 19 L. ed. 984; *Sings v. Joliet,* 237 Ill. 300, 127 Am. St. 323, 86 N. E. 663, 22 L. R. A., N. S., 1128; *City of Bushnell v. Chicago, B. & Q. R. R.,* 259 Ill. 391, 102 N. E. 785, 49 L. R. A., N. S., 718; *Polsgrove v. Moss,* 154 Ky. 408, 157 S. W. 1133; *Teass v. St. Albans,* 38 W. Va. 1, 17 S. E. 400, 19 L. R. A. 802; *Orlando v. Pragg,* 31 Fla. 111, 34 Am. St. 17, 12 So. 368, 19 L. R. A. 196; *Pelkey v. National Surety Co.,* 143 Minn. 176, 173 N. W. 435; *Hennessy v. City of St. Paul,* 37 Fed. 565;

*Lowe v. Conroy,* 120 Wis. 151, 102 Am. St. 983, 97 N. W. 942, 66 L. R. A. 907; *People v. Board,* 140 N. Y. 1, 37 Am. St. 522, 35 N. E. 320, 23 L. R. A. 481; *Pearson v. Zehr,* 138 Ill. 48, 32 Am. St. 113, 29 N. E. 854; *Roanoke v. Bolling,* 101 Va. 182, 43 S. E. 343, 344; *Grossman v. Oakland,* 30 Or. 478, 60 Am. St. 832, 41 Pac. 5, 36 L. R. A. 593; *Cuba v. Oil Companys,* 150 Ala. 259, 43 So. 706, 10 L. R. A., N. S., 310; *Eaton v. Glindeman,* 33 Ida. 389, 195 Pac. 90; *Twin Falls v. Harlan,* 27 Ida. 769, 151 Pac. 1191.)

The action of the city council in this case deprives this plaintiff of property without due process of law. (Sec. 1, 14th Amendment U. S. Const.; sec. 13, art. 1, Idaho Const.; sec. 92, Lewiston Charter; *Lawton v. Steele,* 152 U. S. 134, 14 Sup. Ct. 499, 38 L. ed. 385; *Brown v. City of Denver,* 7 Colo. 305, 3 Pac. 455; 12 C. J. 1236; *West v. Louisiana,* 194 U. S. 258, 24 Sup. Ct. 650, 48 L. ed. 965; *Wilmington City R. Co. v. Taylor,* 198 Fed. 159; *Twining v. New Jersey,* 211 U. S. 78, 29 Sup. Ct. 14, 53 L. ed. 97; *Chicago, B. & Q. R. v. Chicago,* 166 U. S. 226, 17 Sup. Ct. 581, 41 L. ed. 979; *Raymond v. Chicago Traction Co.,* 207 U. S. 20, 12 Ann. Cas. 757, 28 Sup. Ct. 7, 52 L. ed. 78.)

The city council must proceed to condemn by ordinance only, and failure to do this is not due process. (Lewiston City Charter, sec. 92; Ordinances, 915, 756; McQuillin on Mun. Corp., sec. 633, p. 1393, sec. 904, p. 1920; *Frank v. Atlanta,* 72 Ga. 428, 429; Dillon on Mun. Corp., secs. 575, 587; *Newman v. City of Emporia,* 32 Kan. 456, 4 Pac. 815; *Cape Girardeau v. Fougeu,* 30 Mo. App. 551; *Edminson v. City of Abilene,* 7 Kan. App. 305, 54 Pac. 568.)

Cox & Martin and Verner R. Clements, for Respondents.

The charter granting to the City of Lewiston power to enact ordinances for the abatement of nuisances, and ordinances numbered 756 and 915, respectively, do not violate either sec. 1 of the fourteenth amendment of the United States constitution, or sec. 13, art. 1 of the constitution of Idaho. (*Speer v. Stephenson,* 16 Ida. 707, 102 Pac. 365;

*York v. Hargadine,* 142 Minn. 219, 171 N. W. 773, 3 A. L. R. 1627; *Swett v. Sprague,* 55 Me. 190; *Runge v. Glerum,* 37 N. D. 618, 164 N. W. 284; *Davison v. Walla Walla,* 52 Wash. 453, 132 Am. St. 983, 100 Pac. 981, 21 L. R. A., N. S., 454; *Lorenzi v. Star Market Co.,* 19 Ida. 674, 115 Pac. 490, 35 L. R. A., N. S., 1142; *Theilan v. Porter,* 14 Lea (Tenn.), 622, 52 Am. Rep. 173; *Brecheen v. Riley,* 187 Cal. 121, 200 Pac. 1042; *Green v. Mayor,* 6 Ga. 1; *State v. Heidenhain,* 42 La. Ann. 483, 21 Am. St. 388, 7 So. 621; *Waters-Pierce Oil Co. v. Mayor,* 47 La. Ann. 863, 17 So. 343; *City of St. Louis v. Stern,* 3 Mo. App. 48; *Beem v. Davis,* 31 Ida. 730, 175 Pac. 959; *North Chicago Ry. Co. v. Lakeview,* 105 Ill. 207, 44 Am. Rep. 788; *State v. Clarke,* 54 Mo. 17; *Greer v. Bank,* 114 Ark. 212, 169 S. W. 802; *State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac. 189; *Title Guaranty v. Idaho,* 240 U. S. 136, 36 Sup. Ct. 345, 60 L. ed. 566; *Reetz v. State of Michigan,* 188 U. S. 505, 507, 23 Sup. Ct. 390, 47 L. ed. 563; *People ex rel. Copcutt v. Board of Health, etc.,* 140 N. Y. 1, 37 Am. St. 522, 35 N. E. 320, 23 L. R. A. 481; *Baumgartner v. Hasty,* 100 Ind. 575, 50 Am. Rep. 830; *City of Red Wing v. Guptil,* 72 Minn. 259, 71 Am. St. 485, 75 N. W. 234, 41 L. R. A. 321.)

The abatement of the nuisance is a proper exercise of police power. (*Laugel v. Bushnell,* 197 Ill. 20, 63 N. E. 1086, 58 L. R. A. 266; *York v. Hargadine, supra; Polsgrove v. Moss,* 154 Ky. 408, 157 S. W. 1133.)

The courts will not interfere where municipal authorities, vested with discretion in legislative and administrative acts, have exercised discretion honestly, fairly, without prejudice and without fraud, after an examination of the physical condition of the buildings. (*Pike v. State Board,* 19 Ida. 268, Ann. Cas. 1912B, 1344, 113 Pac. 447; *North Chicago City Ry. Co. v. Lakeview,* 105 Ill. 183; *Rast v. Van Deman & L. Co.,* 240 U. S. 342, Ann. Cas. 1917B, 455, 36 Sup. Ct. 370, 60 L. ed. 679, L. R. A. 1917A, 421; *Price v. Illinois,* 238 U. S. 446, 35 Sup. Ct. 892, 59 L. ed. 1400; *Pacific Coast Steamship Co. v. Richardson, etc.,* 186 Cal. 70, 198 Pac. 1034; *Van Wormer v. Mayor,* 15 Wend. (N. Y.) 262, 263; *State v.*

*Clarke,* 54 Mo. 17, 14 Am. Rep. 471; *Greer v. M. & M. Bank,*
114 Ark. 212, 169 S. W. 802; *Farrelly v. Cole,* 60 Kan.
356, 56 Pac. 492, 44 L. R. A. 464; *State v. Howard,* 83
Vt. 6, 74 Atl. 392; *Laugel v. Bushnell,* 197 Ill. 20, 63 N. E.
1086, 58 L. R. A. 266; *Hibben v. Smith,* 191 U. S. 310, 24
Sup. Ct. 88, 48 L. ed. 195.)

GIVENS, J.—Appellant brought this action to enjoin the
respondents, the City of Lewiston and its mayor and coun-
cil, from enforcing two resolutions ordering the tearing down
of two wooden buildings owned by him.   This appeal is from
the judgment denying the injunction.

The procedure as to each building was similar, and may
be treated as if only one resolution were involved.

Appellant contends that the buildings are not dilapidated
or dangerous or fire hazards and therefore not nuisances, and
that the provisions of the charter and the ordinances under
which the city was proceeding are unconstitutional on sub-
stantially three grounds; first, that the ordinances are too
indefinite and uncertain and not specific in their definitions
of what constitutes a nuisance; second, that under the ordi-
nances the determination of whether a building is a nuisance
is left to the discretion of the city council; and third, that
no notice or judicial hearings are provided for by the
ordinances.

The provisions of Sess. Laws 1907, H. B. No. 121, p. 349,
constituting the charter, grant to the city all municipal
powers necessary or expedient for the complete and efficient
management of the municipal property and the administra-
tion of the municipal government, necessary to the protection
of property and the promotion of the public welfare, grant-
ing such powers as were recognized by the common law,
and further in sec. 69 giving the mayor and city council
power to prevent the erection or removal of buildings which
might be dangerous to passers-by, or to the adjacent prop-
erty, or an obstruction to public travel, and to remove or
have made safe, at the expense of any property owner, upon
five days' notice, any building which had become dangerous

to passers-by, and by sec. 82 to declare, prevent and abate nuisances, and by sec. 92 to prohibit the erection of wooden buildings within such limits as might be prescribed, and to declare all dilapidated buildings to be nuisances and to direct the same to be removed, repaired or abated. Ordinance No. 756 provided that all wooden buildings and structures of every nature and description within the City of Lewiston which from neglect or decay should become in such a dilapidated condition that in the opinion of the mayor and city council they tended to increase the danger to other buildings by fire be declared nuisances, and further provided that if in the judgment of the chief of the fire department and the building inspector any building tended to increase the fire hazard to other buildings and was so reported, the mayor and city council should declare such building to be within the ordinance and the fire chief should be empowered to order the owner to tear such building down and remove it.

Ordinance No. 915 provided that whenever any building within the corporate limits of the city should become dilapidated or whenever such building should become dangerous to passers-by, such building, on an order made by the city council might be declared a nuisance. This ordinance further provided for notice by ordering the owner to commence the removal within fifteen days after the service of such notice or the city would so proceed, further providing that within such fifteen days the owner might appear and show cause why the building should not be removed, torn down or made safe.

Such notice was given and a hearing was had. Before such notice and hearing the council had, by resolution, determined that such buildings were dilapidated and dangerous in causing and promoting fires and that the same should be summarily abated. Upon the trial of the case the court found that the city council was justified in declaring these buildings to be nuisances and found minutely with regard to the condition of the buildings, such findings clearly showing that they were dangerous to passers-by and fire hazards and the court specifically found that both buildings con-

stituted an extreme fire hazard and ordered that both buildings be torn down.

In the ordinances in question one of two conditions must obtain to authorize the council to declare the buildings nuisances; either that they be dangerous to passers-by or tend to increase the danger to other buildings by fire. *Grossman v. Galveston,* 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210, is urged as authority for the proposition that these ordinances are too indefinite and uncertain. That case, however, clearly distinguishes itself, for the court there says:

"The ordinance declares that all dilapidated buildings are nuisances, even though none of the elements necessary to constitute a nuisance may exist. It does not require that such buildings shall injure, hurt, or harm anyone. It is not limited to those instances where the dilapidated building may 'hurt or annoy the lands, tenements, or hereditaments of another.' It is not confined to those dilapidated buildings which endanger life or health, violate the laws of decency, or obstruct the reasonable and comfortable use of property, or which are subversive of public order, decency, or morals, or which constitute an obstruction of public rights. It amounts merely to a general condemnation of dilapidated buildings as nuisances, and authorizes their destruction."

It thus appears that the court held the ordinance unconstitutional because it did not contain a proper definition of a nuisance. Turning to Ordinance No. 915, we find that any building which shall become dilapidated or shall become dangerous to passers-by is a nuisance, and by Ordinance No. 756 that all wooden buildings and structures which from neglect and decay become in such a dilapidated condition that in the judgment of the mayor and council they tend to increase the danger from fire are nuisances. The *Texas case, supra,* objects because the ordinance did not limit the nuisance to such conditions as would injure, hurt or harm anyone or was confined to those buildings which would endanger life or health or obstruct the reasonable use of property of others.

Great stress is laid on *City of Denver v. Mullin*, 7 Colo. 345, 3 Pac. 693, and the fact that this court followed that case in *City of Twin Falls v. Harlan*, 27 Ida. 769, 151 Pac. 1191. These two cases involved the right of the city to compel an irrigation company to bridge or cover an irrigation ditch. The real gist of these decisions was that the burden so to cover the ditch rested upon the city and not upon the irrigation company, and that the irrigation ditch uncovered was not a nuisance; therefore the city had no right to declare that it was a nuisance. In the case at bar it is not contended that a building which has become unsafe to passers-by and a menace to other property as a fire hazard is not a nuisance. Such a building was a nuisance at common law and is made a nuisance by the ordinance in question. (*State v. Laabs*, 171 Wis. 557, 177 N. W. 916.)

Many authorities are cited to the proposition that a city may not declare that to be a nuisance which is not in fact a nuisance, and that is true. It is not contended, however, that a building which is dangerous to passers-by or is dangerous to other property as a fire hazard is not a nuisance.

If there must be a judicial hearing before some court or body other than the hearing before the city council provided for by the ordinance, before the city may abate a nuisance there can be no summary abatement and the decision of the city council, no matter how arbitrary or whimsical, would amount to nothing more than authority for the city to bring suit to abate such alleged nuisance, and the city has this authority without such ordinance. If, on the other hand, the city has authority following a hearing before the city council to summarily abate a nuisance the judgment relied upon will necessarily be the judgment of the city council and the statement in the ordinance that "in the opinion of the mayor and city council" is mere surplusage.

"The general authority to the health officer to absolutely quarantine in cases of the designated diseases 'wherever he deems necessary' was not intended to and does not confer upon him unlimited power and right to control persons and property at his discretion. His action in such regard can-

not be arbitrary, unreasonable, or oppressive. The language was wisely chosen and has a far different meaning. As a preliminary to his action, the health officer must deem the action necessary. He must adjudge his conclusion, that is, his conclusion must rest upon his knowledge of the facts and of the correct rule for their interpretation and application acquired through a reasonable and fair investigation and consideration at such sources as a person of ordinary intelligence and perception, charged with the responsibilities of the office, would regard as authentic and trustworthy. The conclusion thus reached must be that the action he orders is essential to public health. Conditions must exist which render, within reason and fair apprehension, his action essential for the preservation of the health of the public. For a mere error of judgment the officer cannot be held liable. Unreasonable and arbitrary action or malicious or partial action, or action in excess of his authority, causing injuries, supports his liability.'' (*Crayton v. Larabee,* 220 N. Y. 493, 116 N. E. 355, L. R. A. 1918E, 432.)

A city council in passing an ordinance declaring what things may constitute a nuisance is acting in its legislative capacity and in the absence of an abuse of the discretion lodged in such body it may declare what are nuisances and, if the conditions and circumstances surrounding and attaching to the things so declared to be nuisances warrant such action on the part of the city council, such ordinances will be sustained. (*State v. Superior Court,* 103 Wash. 409, 174 Pac. 973; *State v. Morse,* 84 Vt. 387, Ann. Cas. 1913B, 218, 80 Atl. 189, 34 L. R. A., N. S., 190; *Kirk v. Wyman,* 83 S. C. 372, 65 S. E. 387.)

''The State, in the exercise of its public power, may denominate certain things to be public nuisances, and because of their having that character provide for their summary abatement. This power is limited to declaring only those things to be such nuisances which are so in fact, since even the State may not denounce that as a nuisance which is not in fact. Tiedeman's Limitation of Police Power, Section 122a. The Police Power is subordinate to the Constitution,

as is every other power of the government. Where the Legislature has found and defined as expressed in its statute, a certain thing to be a public nuisance, only in clear cases would courts be warranted in going behind its findings and determining the contrary. But whether something not defined as a public nuisance by the statute is such under its general terms, is undoubtedly a judicial question." (*Stockwell v. State,* 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116.)

It appears that this court has heretofore held that a city council has the right to summarily abate a nuisance without seeking judicial authorization. (*Beem v. Davis,* 31 Ida. 730, 175 Pac. 959.)

"And while a village itself might abate a nuisance within its limits, in order to abate a public nuisance outside its boundaries it is probably necessary, and undoubtedly proper, for it to apply to a court of equity for aid in protecting it from such harmful influence." (*Village of American Falls v. West,* 26 Ida. 301, 142 Pac. 42.) *Murden v. Commissioners of Lewis,* 7 Boyce (Del.), 428, 108 Atl. 74.

The charter provisions contained in the Sess. Laws of 1907 were amply sufficient to authorize the city council to pass ordinances for the summary abatement of nuisances within the city. The declaration of what constituted a nuisance is definite, and since the city council may proceed to summarily abate a nuisance, though at their peril, whether there is a valid ordinance or whether there is not is not controlling, since in the first instance they may not declare that a nuisance which is not a nuisance and in the second instance they may not declare anything to come within the ordinance unless it does so.

"In summarily abating a nuisance one acts at his peril. The court in *People v. Yonkers,* 140 N. Y. 1, 10, 37 Am. St. 522, 35 N. E. 320, 323, 23 L. R. A. 481, said:

"Whoever abates an alleged nuisance and thus destroys or injures private property, or interferes with private rights, whether he be a public officer or a private person, unless he acts under the judgment or order of a court having jurisdiction, does it at his peril, and when his act is challenged

in the regular judicial tribunal, it must appear that the thing abated was in fact a nuisance. This rule has the sanction of public policy, and is founded upon fundamental constitutional principles.'' (*Murden v. Commissioners of Lewes, supra.*)

If, then, the city has the authority to summarily abate a nuisance, the only question is whether or not these ordinances furnished due process.

As indicated above, one ordinance provided for a notice and hearing, the other ordinance provided for notice but no hearing, but in the absence of any notice or any hearing, under the general statute, independent of these ordinances, appellant had the right to seek relief in the courts to restrain the city and city council and mayor from any unlawful act directed against his property. The supreme court of the United States in a similar situation has held that such access to the courts constitutes due process, and therefore so far as there was any necessity for an ordinance as a condition precedent to the right of the city council to proceed to summarily abate these buildings they are not unconstitutional.

''There being provision for a hearing, the acts were not void nevertheless, but the owner had the right to bring his action at common law against all the persons engaged in the abatement of the nuisance to recover his damages, and thus he would have due process of law; and if he could show that the alleged nuisance did not in fact exist, he will recover judgment, notwithstanding the ordinance of the board of health under which the destruction took place.'' (*North American Cold Storage Co. v. Chicago,* 211 U. S. 306, 15 Ann. Cas. 276, 29 Sup. Ct. 101, 53 L. ed. 195; *Adams v. Milwaukee,* 228 U. S. 572, 33 Sup. Ct. 610, 57 L. ed. 971; *People v. Yonkers, supra; Nelson v. Minneapolis,* 112 Minn. 16, 127 N. W. 445, 29 L. R. A., N. S., 260.)

The doctrine that the police power of the state extends to everything essential to the public safety in the protection of health, morals and property, and justifies the abatement, by summary proceedings, of whatever may be duly declared

a public nuisance, is firmly established in the United States. But the determination of the legislature or body to which the power is duly delegated by the legislature, as to what is a proper exercise of its police powers, is not final or conclusive, but is subject to the supervision of the courts. (*Lawton v. Steele,* 152 U. S. 134, 14 Sup. Ct. 499, 38 L. ed. 385; *Kirk v. Wyman, supra.*)

The evidence is conflicting, but there is sufficient evidence, if uncontradicted, to sustain the findings and conclusions of the lower court that both buildings should be abated. (*Davis v. Idaho Minerals Co.,* 40 Ida. 64, 231 Pac. 712; *Syster v. Hazzard,* 39 Ida. 580, 229 Pac. 1110; *Olson v. Caufield,* 32 Ida. 308, 182 Pac. 527.)

The judgment of the lower court is therefore affirmed, and it is so ordered. Costs awarded to respondent.

Wm. E. Lee and Budge, JJ., concur.

William A. Lee, C. J., and Taylor, J., dissent.