No 2578. Decided Feb 15, 1935

## ANTONELLI v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934

O. H. Corvington, Akron, for petitioner.
George E. Bailey, Akron, contra.

P. J. Melillo, Youngstown, for appellant.

Vern Thomas, Assistant Law Director, Youngstown, for appellee.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

By SHERICK, J.

It is the claim of the appellant that this ordinance, duly enacted in conformity to the powers granted municipal authorities, under §3636 GC, and the Home Rule Amendment to the Constitution of this State, is unconstitutional, for the reason that the ordinance makes no provision whereby he is entitled to be heard as to the fact whether or not his premises are a nuisance, and that no manner of appeal is provided by the ordinance.

Section B of the ordinance in question provides that when the Building Inspector shall find that certain premises are unsafe, dangerous or unsanitary, that the Building Inspector shall forthwith give notice of such defective condition to the owner or agent in charge of such building, stating wherein such building is dangerous or unsafe, and if it be found by the Building Inspector that the premises can not be repaired, that he shall send such notice. Section 2 of sub-division 8 provides that if after the service of such notice the owners refuse to comply with the order of the Building Inspector, that a second and final notice shall be served on the owner or agent, granting him an additional ten days' time to comply with the order set forth in the first notice.

Section 3 of said sub-division further recites that after the expiration of the second and final notice, and no attempt has been made to remove the hazard, that the Building Inspector shall, upon obtaining the approval of City Council, enter upon the premises and remove the same.

The petition discloses that the second notice was given on the 19th day of July, 1933, and that this petition was thereafter filed on the 24th day of July. It nowhere appears in this pleading that the Council of

the City of Youngstown ever gave its Building Inspector its approval to raze these structures. It is therefore apparent that this action has been prematurely brought, for it must be perceived that the City Council might have withheld its approval and might have determined that the appellant's premises were in fact not a nuisance.

We will, however, consider the merits of the question as made by the appellant. Our attention has been particularly directed to the case of Porter v City of Lewiston, decided by the Supreme Court of the State of Idaho, and which is reported in 238 Pac., 1014. We are of the opinion that this authority correctly states the law which must govern the present situation. That court, in the course of its opinion, stated:

"A City Council in passing an ordinance declaring what things may constitute a nuisance is acting in its legislative capacity, and, in the absence of an abuse of the discretion lodged in such body, it may declare what are nuisances, and if the conditions and circumstances surrounding and attaching to the things so declared to be nuisances warrant such action on the part of the City Council, such ordinance will be sustained."

Examining the ordinance in view of this statement, it is apparent that the ordinance does not attempt to say that the appellant's property is a nuisance. It merely declares that when certain conditions are found to exist, that notices shall be given by the Building Inspector to the owner or agent, and that the matter shall then be referred to Council. When that has been done, Council may then act to declare a structure to be or not to be a nuisance. There is no resolution of Council, as heretofore pointed out, declaring the appellant's property to be a nuisance and ordering it to be abated.

This court further comments upon and quotes from People v Yonkers, 140 N. Y. 1, wherein it is said:

"That whoever abates an alleged nuisance and thus destroys and injures private property, or interferes with private rights, whether he be a public officer or private person, unless he acts under the judgment or order of a court having jurisdiction, does it at his peril, and when his act is challenged in the regular judicial tribunal, it must appear that the thing abated was in fact a nuisance."

If the City Council had acted upon the notices referred to it by the Building Inspector, and had concluded that the appellant's property was not a nuisance, that failure to act would have been a final conclusion to the appellant's supposed difficulty. Had Council, on the other hand, by resolution determined that the appellant's property was in a dilapidated condition, could not be repaired and ordered the same to be destroyed, that body would have acted at its peril, as suggested in People v Yonkers.

It therefore becomes apparent that in any such situation that a property holder who feels himself aggrieved by the declaration of a public body, to the effect that his property is a nuisance and subject to abatement, has a right to appeal to a judicial tribunal in which he may contest the fact as to whether or not his property is a nuisance, or the municipal authority has abused the discretion reposed in it, by authority of the legislative act and the constitutional provisions. The fact that it is not provided in the ordinance that a hearing shall be had and a right of appeal provided, is not determinative of the question as to whether the ordinance is constitutional. We think that the reasoning of the Porter case, supra, is sound.

The question is not new in this state, and we find the principle of law now being applied to have been considered and concisely stated in the case of **Deming v City of Cleveland, 22 O.C.C., page 1 (12)**, wherein it is said:

"The local declarations that a nuisance exists is therefore not conclusive, and the party concerned may contest the fact in the court."

A decree will be entered for the defendants.

MONTGOMERY, J, concurs.