(No. 7183. June 29, 1944.)

STATE OF IDAHO, Respondent, v. JOHN FINNEY, Appellant.

(150 P. (2d) 130.)

Frank Griffin and Harold S. Purdy for appellant.

Bert H. Miller, Attorney General; J. R. Smead, Assistant Attorney General, and W. B. McFarland for respondent.

DUNLAP, J.—Appellant Finney was convicted in the Police Court of the City of Coeur d'Alene on the charge of maintaining within the limits of the City of Coeur d'Alene

upon a certain section of Coeur d'Alene Lake, a houseboat used as a residence, in violation of Ordinance No. 762 of said City. Upon appeal to the District Court of the Eighth Judicial District, in and for Kootenai County, and after trial by the Court without a jury, the learned Judge of said Court sustained the prior conviction by adjudging the defendant guilty as charged, and ordered him to pay a fine of $1.00.

The case is before us on appeal from this judgment.

Timely objections to the complaint were properly made by demurrer, and motions to dismiss, quash the warrant of arrest, and for release of defendant, all of which were argued and overruled prior to trial.

A number of assignments of error are alleged, mainly based upon the contention the ordinance is unconstitutional, in that it violates the 14th Amendment of the Federal Constitution; Art. 1, Sec. 1, Art. 1, Sec. 13 and Art. 1, Sec. 14, of the State Constitution.

Section 2 of the ordinance is pertinent here. It reads in part as follows: "Section 2. No person, persons or corporations shall moor, anchor or maintain upon the waters of Lake Coeur d'Alene * * * any houseboat or craft used as a residence or for living purposes * * * and the mooring, anchoring or maintaining of such houseboat or structure in city waters is hereby declared to be a public nuisance."

Appellant attacks the sufficiency of the complaint, contending it states merely the conclusion and not the acts constituting the nuisance.

██. The charge as contained in the complaint is very much in the words as used in Section 2 of the ordinance, and is to effect that appellant, in violation of the ordinance, maintained upon the waters of the Lake a houseboat used as a residence, and for living purposes, and thereby maintained a public nuisance. The complaint sets forth the offense, with such particulars as time, place, person and property, as to enable the person charged to understand distinctly the character of the offense complained of, and to answer the same, and is sufficient. (Sec. 19-4001, I. C. A.; *State v. Ashby*, 40 Ida. 1, 230 P. 1013, 46 C. J. 818, Sec. 481.)

The portion of the Lake involved here, was taken into and made a part of the City of Coeur d'Alene by Ordinance No. 759 passed and approved April 18, 1938, and its enact-

ment was pursuant to and authorized by Sec. 49-1149, I. C. A.

It was undoubtedly the intention of the Legislature in thus expressly authorizing incorporated cities and villages situated on navigable streams and lakes, to include portions thereof within their respective boundaries, as authorized by the Act, for the purpose of enabling the municipalities to exercise control over this included and added territory, to the same extent and for the same purpose as it is generally empowered with respect to other territory within the corporate boundaries.

Among the powers specifically granted to the municipalities by the Legislature, is the power "to make regulations to secure the general health of the city and to prevent and remove nuisances and to provide the city with water." (Sec. 49-313, Subd. 4.)

The undisputed evidence in this case shows Coeur d'Alene to be a congested, growing city. It is a popular summer resort and its beaches and parks adjoining this section of the Lake are widely used, with Sunday crowds of from ten to twenty-five thousand enjoying these facilities; its business and residential sections are in close proximity to that part of the waters involved here, and the City's place of intake of its water supply from this Lake is also within this section.

The evidence in this case is undisputed that defendant's houseboat was used for living purposes at the time and place charged in the complaint. Its place of moorage, and its use for that purpose was prohibited by the ordinance in question, and while construing enactments of this nature, and in considering the affect of their operation, regard must be had to constitutional provisions intended to secure the liberty and to protect the rights of citizens to the end that no citizen shall be deprived of life, liberty or property without due process of law (*State v. Frederic*, 28 Ida. 709, 155 P. 977) it is at once apparent the enactment and enforcement of the ordinance was in the interest of general health and welfare, and the right of a municipality to so act for the welfare of the whole is no longer open to question. (*State ex rel Euclid-Doan Bldg. C. v. Cunningham*, 97 Ohio St. 130, 119 N. E. 361, L. R. A. 1918D 700.)

Conceding appellant has, under license from the riparian owner, long used that portion of the Lake involved here, for moorage of his boat, and thus acquired a vested

right so to do, still this right must yield to the police power, as exercised by the City in this instance. In the note appearing on page 900, Vol. 37, Am. Jur., the author, citing cases says: "In dealing with the police power, it must be remembered that it is one of the most essential powers of government, and one that is the least limitable. It may, indeed, seem harsh in its exercise, and usually is harsh on some individual, but the imperative necessity for its existance precludes any limitation upon it when not exerted arbitrarily. A vested interest cannot be asserted against it because of conditions once obtaining. So to hold would preclude development and fix a municipality forever in its primitive conditions. There must be progress, and if in its march, private interests are in the way, they must yield to the good of the community."

Likewise appellant's contention the ordinance in question deprives him of rights guaranteed and protected by the 14th Amendment to the Constitution of the United States, Art. 1, Sec. 1, Art. 1, Sec. 13 and Art. 1, Sec. 14 of the State Constitution, cannot be sustained.

The due process and equal protection provisions of these constitutions are not intended to interfere with the power of the State in the exercise of the police powers to prescribe regulations for the protection and promotion of the welfare of the people. It is only subject to the qualification that the measure adopted for the purpose of regulating the exercise of the rights of liberty and the use and enjoyment of property must be designed to effect some public object which the government may legally accomplish, and it must be reasonable and have some direct, real and substantial relation to the public object sought to be accomplished. (11 Am. Jur., p. 999, sec. 263; 11 Am. Jur., p. 998, sec. 262; 16 C. J. S. p. 565, sec. 196; 16 C. J. S., p. 581, sec. 199; *Detweiler v. Welch,* Comm. of Agriculture of State of Idaho, Affirmed C. C. A. 46 Fed. (2d), 75, 73 A. L. R., 1440; *Daniels v. City of Portland,* 124 Ore. 677, 265 P. 790, 59 A. L. R. 512; *Bountiful City v. Duluca,* 77 Utah 107, 292 P. 194, 72 A. L. R. 657; *State ex rel Carter v. Harper,* 182 Wis. 148, 196 N. W. 451, 33 A. L. R. 269; *State ex rel Lane v. Fleming,* 129 Wash. 646, 225 P. 647, 34 A. L. R. 500; *Bratberg v. Advance-Rumely Thresher Co.,* 61 N. D. 452, 238 N. W. 552, 78 A. L. R. 1338.)

In *People ex rel Durham Realty Corp. v. LaFetra,* 230 N. Y. 429, 130 N. E. 601, 16 A. L. R. 152, the Court said:

"The proposition is fundamental that private business may not be regulated and may not be converted into public business by legislative fiat. * * * The proposition is equally fundamental that the State may establish regulations reasonably necessary to secure the general welfare of the community by the exercise of its police power, although the rights of private property are thereby curtailed and freedom of contract is abridged. * * * The legislative or police power is a dynamic agency, vague and undefined in its scope, which takes private property or limits its use when great public needs require, uncontrolled by the constitutional requirement of due process. Either the rights of property and contract must, when necessary, yield to the public convenience, advantage and welfare, or it must be found that the state has surrendered one of the attributes of sovereignty for which governments are founded and made itself powerless to secure to its citizens the blessings of freedom and to promote the general welfare."

It is also contended by appellant in effect that the city could not by ordinance make it a nuisance to maintain in the prohibited area, a houseboat used for living purposes, if as a matter of fact such act did not constitute a nuisance. In other words, that a general power of a city to declare a nuisance does not include the power to declare anything a nuisance which is not one in fact nor one per se. With this contention we are in accord, and so held in the cases of *City of Twin Falls v. Harlan*, 27 Ida. 769, 151 P. 1191, and *Porter v. City of Lewiston*, 41 Ida. 324, 238 P. 1014.

However, in the latter case, this Court, speaking through Mr. Justice Givens, said: "A city council in passing an ordinance declaring what things may constitute a nuisance, is acting in its legislative capacity, and in the absence of an abuse of the discretion lodged in such body it may declare what are nuisances, and, if the conditions and circumstances surrounding and attaching to the things so declared to be nuisances warrant such action on the part of the city council, such ordinances will be sustained. (*State v. Superior Court*, 103 Wash. 409, 174 P. 973; *State v. Morse*, 84 Vt. 387, Ann. Cas. 1913B 218, 80 Atl. 189, 34 L. R. A., N. S., 190; *Kirk v. Wyman*, 83 S. C. 372, 65 S. E. 387.")

And, in the more recent case of *Idaho Falls v. Grimmett*, 63 Ida. 90, 117 P. (2d) 461, the holding of this Court on this point is expressed in syllabus 6, as follows: "Where a

given situation admittedly presents a proper field for exercise of police power by a municipality, the extent of its invocation and application is a matter lying largely in legislative discretion, and every presumption is to be indulged in favor of exercise of such discretion, unless arbitrary action is clearly disclosed."

 In view of the statutory provision herein referred to, (Subd. 4, sec. 49-313, I. C. A.) and of the circumstances of this case herein related, it would appear the City was not only empowered, but was fully justified in the exercise of its police power, as expressed in the ordinance, in forbidding the use of houseboats for living purposes in the section of the Lake affected thereby, and that the regulation thus adopted was reasonable and not arbitrary and fully justified as a public health measure.

We have carefully examined the authorities cited, and relied upon by appellant in his brief, including those hereafter mentioned, and it is not thought this opinion is out of harmony therewith.

In *Keckevoet v. City of Dubuque*, 158 Iowa 631, 138 N. W. 540, 546, the ordinance under consideration was found to be unreasonable, and not justified by any reason of public policy or protection which appeared in the record before the Court.

The case of *Dobbins v. Los Angeles*, 195 U. S. 224, 49 Law Ed., 169, involved the validity of an action of the city council in passing and enforcing certain ordinances which prevented the carrying on of the business of making and selling gas to the people of the City. In finding the ordinance was unreasonable and arbitrary, and in violation of the constitutional rights of the plaintiff, the Court said: "This action is strongly corroborative of the allegations of the bill that the purpose was not police regulation in the interest of the public, but the destruction of the plaintiff's rights, and the building up of another company still within the privileged district after the passage of the amendment. Being the owner of the land and having partially erected the works, the plaintiff in error had acquired property rights, and was entitled to protection against unconstitutional encroachments which would have the effect to deprive her of her property without due process of law." In this case, the United States Supreme Court recognized the principles adhered to in this decision, and said: "It may be admitted that every intendment is to be made in favor

of the lawfulness of the exercise of municipal power, making regulations to promote the public health and safety, and that it is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community."

In *Yates v. Milwaukee,* 77 U. S. 498, 19 Law Ed., 984, the City of Milwaukee by ordinance declared that a wharf built by the licensee of the riparian owner, to the navigable portion of the river was an obstruction to navigation and a nuisance and ordered it to be abated. The Court found that there was no evidence in the record to show that the wharf was an actual obstruction to navigation or was in any other sense a nuisance, and adhered to the doctrine as expressed by this Court, herein referred to in the cases of *City of Twin Falls v. Harlan,* supra, 27 Ida. 769, 151 P. 1191; and *Porter v. City of Lewiston,* supra, 41 Ida. 324, 238 P. 1014.

Judgment affirmed.

No costs awarded.

Holden, C. J., Ailshie, Budge and Givens, JJ., concur.